■ GENNADY GORELIK, Respondent, v YELENA GORELIK, Appellant. [757 NYS2d 67] —In an action for a divorce and ancillary relief, the defendant appeals (1) from a decision of the Supreme Court, Westchester County (Dillon, J.), entered August 28, 2001, made after a nonjury trial, (2) from an order of the same court, entered December 18, 2001, which denied her application for an attorney's fee, and (3), as limited by her brief, from so much of a judgment of the same court, dated

December 18, 2001, as, upon stated portions of the decision and upon the order, granted the plaintiff a divorce on the ground of cruel and inhuman treatment, awarded custody of the parties' child to the plaintiff, awarded her maintenance in the sum of only $800 per month for a period of only 12 months, denied her equitable distribution of certain property, and failed to award her an attorney's fee.

Ordered that the appeals from the decision and the order are dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the decision must be dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509 [1984]). The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the defendant's contention, the record supports the determination of the trial court that awarding custody of the parties' child to the plaintiff was in the child's best interest (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]). The evidence at trial established that the plaintiff, who has had temporary custody of the child, is the parent who would offer the child the best opportunity to separate, individuate, and grow into her own person (*see Barbato v Barbato,* 264 AD2d 792 [1999]). The trial court's determination is further supported by the opinions of the court-appointed forensic psychologist and the Law Guardian (*see Young v Young,* 212 AD2d 114 [1995]), as well as by evidence that the child has thrived in the plaintiff's temporary custody (*see Coakley v Goins,* 240 AD2d 573 [1997]), and evidence that the plaintiff is the parent who is more likely to ensure meaningful contact between the child and the noncustodial parent (*see O'Connor v O'Connor,* 146 AD2d 909, 910 [1989]; *Lohmiller v Lohmiller,* 140 AD2d 497, 498 [1988]).

Also contrary to the defendant's contention, the plaintiff established a prima facie case for a divorce on the ground of cruel and inhuman treatment (*see* Domestic Relations Law § 170 [1]; *Whaley v Whaley,* 277 AD2d 1025 [2000]; *Soto v Soto,* 216 AD2d 455 [1995]).

The defendant's contention that the plaintiff's home in Scars-

dale, in which they lived during their relatively short four-month marriage, is marital property, is without merit. The residence was purchased by the plaintiff before the marriage and none of the defendant's money went towards purchasing the home. The mortgage was in the plaintiff's name only and all carrying charges and utilities were paid solely by the plaintiff, with his own separate property. Accordingly, the trial court properly held that the subject residence was the plaintiff's separate property, and therefore, not subject to equitable distribution (*see* Domestic Relations Law § 236 [B] [1] [d] [1]; *Markopoulos v Markopoulos,* 274 AD2d 457 [2000]). Contrary to the defendant's contention, the record does not support her claim that she contributed sufficient labor to the construction of the home such that it should be considered marital property (*cf. Matwijczuk v Matwijczuk,* 261 AD2d 784 [1999]). Nor does the record support any award to the defendant on the theory that she contributed to an appreciation in value of the subject house (*see Nowik v Nowik,* 228 AD2d 421 [1996]).

The defendant also takes issue with her maintenance award of $800 per month, to terminate after 12 months, or sooner if she remarries. Considering the brevity of the parties' marriage and their relatively young age, as well as the defendant's Master's degree in computer science, her good health, and her employment in the computer software field earning an annual income of approximately $45,000, the maintenance award was a provident exercise of the trial court's discretion (*see* Domestic Relations Law § 236 [B] [6] [a]; *Greenfield v Greenfield,* 234 AD2d 60 [1996]).

The denial of the defendant's application for an attorney's fee was a provident exercise of discretion, taking into consideration, inter alia, the relative merit of the parties' positions and actions during the litigation (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]; *Walker v Walker,* 255 AD2d 375 [1998]; *Tayar v Tayar,* 250 AD2d 757 [1998]), and the failure of the defendant's attorney to substantially comply with 22 NYCRR 1400.3 (*see Mulcahy v Mulcahy,* 285 AD2d 587 [2001]).

The defendant's remaining contentions are without merit. Ritter, J.P., Santucci, Smith and Luciano, JJ., concur.