■ In the Matter of MAELA BLANCO, Respondent, v TERRY CORBETT, Appellant. [777 NYS2d 735]—In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (Rood, R.), dated October 4, 2001, as, after a hearing, granted the mother's petition for sole custody of the parties' child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

We find no basis for disturbing the Family Court's award of custody of the parties' child to the mother. In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167, 174 [1982]). In determining the best interests of the child, the court must review the "totality of the circumstances" (*Friederwitzer v Friederwitzer,* 55 NY2d 89, 95 [1982]). The court's determination depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents. In matters of this nature, "the findings of the nisi prius court must be accorded the greatest respect" (*Matter of Irene O.,* 38 NY2d 776, 777 [1975]; *see Eschbach v Eschbach, supra* at 173). These findings should not be disturbed unless they lack a sound and substantial basis in the record (*see Kuncman v Kuncman,* 188 AD2d 517, 518 [1992]).

The Family Court considered the appropriate factors in determining what was in the best interests of the child. Its determination to award custody to the mother had a sound and substantial basis in the record. Thus, the Family Court properly granted the mother's petition for sole custody of the parties' child.

The father's remaining contention is without merit. Santucci, J.P., Smith, Crane and Fisher, JJ., concur.