In the Matter of FREDERIC BLANC, Respondent, v ISABELLE JEANMARIE LARCHER, Appellant. [782 NYS2d 360]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from stated portions of an order of the Family Court, Queens County (Clark, J.), dated July 18, 2003, which, inter alia, awarded custody of the parties' child to the father.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167, 174 [1982]). The court must consider the totality of the circumstances, including the relative fitness of the parents and the quality of their respective home environments (*see Eschbach v Eschbach, supra; Matter of Olson v Olson,* 8 AD3d 285 [2004]). "The court's determination depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, tempera-

ment, and sincerity of the parents" (*Matter of Blanco v Corbett*, 8 AD3d 374 [2004]). The findings of the court are entitled to great weight and should not be disturbed unless they lack a sound and substantial basis in the record (*see Eschbach v Eschbach, supra* at 173; *Matter of Greene v Gordon*, 7 AD3d 528 [2004]).

The Family Court weighed the appropriate factors and its determination to award custody of the child to the father had a sound and substantial basis in the record (*see Matter of Venette v Rhodes*, 301 AD2d 608, 609 [2003]). The mother's contention concerning the visitation schedule was unpersuasive. The Family Court attempted to formulate a visitation schedule which, to the extent possible, coincided with the visits of the child's half-brother. Prudenti, P.J., Krausman, Adams and Spolzino, JJ., concur.