(December 12, 2006)

◼ OLIVIER ALLAIN, Respondent, v CHRISTINA ALLAIN, Appellant. [826 NYS2d 411]—

In an action for a divorce and ancillary relief, the mother appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Farneti, J.), entered November 10, 2005, which awarded sole custody of the parties' son to the father and failed to make a distributive award with respect to certain brokerage licenses.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 174 [1982]). Since the Supreme Court's determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and

substantial basis in the record (*see Eschbach v Eschbach, supra* at 173; *Matter of Blanc v Larcher,* 11 AD3d 458 [2004]; *Matter of Greene v Gordon,* 7 AD3d 528 [2004]; *Matter of Dobbins v Vartabedian,* 304 AD2d 665 [2003]).

The Supreme Court's determination awarding sole custody of the parties' son to the father has a sound and substantial basis in the record. The Supreme Court carefully considered numerous factors, including the relative fitness of the parents to provide for the son's emotional and intellectual needs, the existence of a sibling, the quality of the home environment, the length of time the son had been in the mother's care, and defiance of legal process (*see Eschbach v Eschbach, supra* at 172-173). The Supreme Court found the father to be the parent who was most likely to assure meaningful contact between the son and the noncustodial parent (*see Matter of Blanc v Larcher, supra; Matter of Greene v Gordon, supra; Matter of Fallon v Fallon,* 4 AD3d 426 [2004]; *Matter of Dobbins v Vartabedian, supra*). The mother's animosity towards the father, demonstrated by the repeated filing of baseless charges against him, her questionable judgment with regard to health matters pertaining to the son, and her lack of veracity on a number of issues, rendered her the less fit parent.

In making this determination, the Supreme Court properly considered the recommendations of the court-appointed forensic psychologist. Although the mother challenged the admissibility of the expert report before the Supreme Court on the ground that the expert lacked the requisite expertise to make certain recommendations, she does not raise the issue on appeal and we find no merit to the mother's contention that the Supreme Court, in making its custody determination, improperly delegated its authority to the forensic evaluator. To the contrary, the Supreme Court noted that it "relied most heavily on the factual testimony, demeanor and credibility of the parties" in reaching its conclusion and its thorough and thoughtful analysis belies any suggestion that it did not properly exercise its judicial responsibility here.

There is no merit to the mother's remaining contentions. Florio, J.P., Mastro, Rivera and Spolzino, JJ., concur.