■ NICHOLAS T., Respondent, v CHRISTINE T., Appellant. [840 NYS2d 120]—

In an action for a divorce and ancillary relief, the mother appeals, as limited by her brief, from so much of an amended order of the Supreme Court, Nassau County (Gibson, Ct. Atty. Ref.), dated May 3, 2006, as, after a nonjury trial, awarded custody of the parties' children to the father.

Ordered that the amended order is affirmed insofar as appealed from, with costs.

The essential consideration in any custody controversy is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d

167, 171 [1982]). In determining the best interests of the child, the court must evaluate the "totality of [the] circumstances" (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 95-96 [1982]). "Custody determinations depend to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties" (*Matter of Brian S. v Stephanie P.*, 34 AD3d 685, 686 [2006] [internal quotation marks omitted]; *see Matter of Irene O.*, 38 NY2d 776, 777 [1975]). Thus, where a hearing court has conducted a complete evidentiary hearing, its finding must be accorded great weight, and its grant of custody will not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach, supra* at 173; *Matter of Shehata v Shehata*, 31 AD3d 773, 774 [2006]; *Matter of Venette v Rhodes*, 301 AD2d 608, 608-609 [2003]; *cf. Young v Young*, 212 AD2d 114, 117 [1995]).

Here, contrary to the mother's contention, there is sound support in the record for the court's determination that an award of sole custody to the father was in the children's best interest. The court's determination was supported by the testimony of the court-appointed forensic psychologist and was consistent with the position of the Law Guardian (*see Gorelik v Gorelik*, 303 AD2d 553, 554 [2003]; *Young v Young, supra* at 118). Further, the record demonstrates that the father is the parent who is more likely to ensure meaningful contact between the children and the noncustodial parent (*see Gorelik v Gorelik, supra*; *Young v Young, supra*; *O'Connor v O'Connor*, 146 AD2d 909, 910 [1989]). Crane, J.P., Ritter, Dillon and Carni, JJ., concur.