■ DAFNA BIBAS, Respondent, v CHARLES BIBAS, Appellant. (Appeal Nos. 1-4 and 6.) DAFNA BIBAS, Respondent-Appellant, v CHARLES BIBAS, Appellant-Respondent. (Appeal No. 5.) [871 NYS2d 648]—

In an action for a divorce and ancillary relief, the defendant appeals (1), by permission, as limited by his brief, from stated portions of an order of the Supreme Court, Nassau County (Stack, J.), dated March 22, 2007, (2), by permission, as limited by his brief, from so much of an order of the same court dated April 10, 2007 as directed him to pay the sum of $16,353.77 to the attorney for the children, representing 70% of the remaining balance of her fee, within 45 days of the date of the order, (3), as limited by his brief, from stated portions of a judgment of the same court dated July 6, 2007, which, inter alia, after a nonjury trial, and upon the order dated March 22, 2007, awarded the plaintiff sole physical and legal custody of the par-

ties' children, equitably distributed the marital assets, awarded the plaintiff child support in the sum of $1,939.99 per month, and directed that he pay 67% of (a) unreimbursed medical, dental and related expenses of the parties' children, (b) the religious school tuition for the parties' children, (c) all child care expenses of the plaintiff, (d) the children's extracurricular activities, and (e) the college costs of the parties' children, (4) from an order of the same court dated September 12, 2007 which denied his motion for recusal, (5) from an order of the same court dated November 1, 2007, and (6) from an order of the same court dated December 7, 2007 which directed him to pay the sum of $16,353.74 to the attorney for the children, representing 70% of the remaining balance of her fee, and directed the Clerk of Nassau County to enter judgment against him, without further proceedings, upon an affirmation of noncompliance filed by the attorney for the children, and the plaintiff cross-appeals from the order dated November 1, 2007.

Ordered that on the Court's own motion, the notice of appeal from the order dated December 7, 2007 is deemed an application for leave to appeal from that order, and the application is granted (see CPLR 5701 [c]); and it is further,

Ordered that the appeal from the order dated March 22, 2007 is dismissed; and it is further,

Ordered that the appeal and cross appeal from the order dated November 1, 2007 are dismissed as abandoned; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof directing the defendant to pay 67% of the college costs of the parties' children; as so modified, the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order dated April 10, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that the orders dated September 12, 2007 and December 7, 2007 are affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order dated March 22, 2007 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]). Moreover, the appeal and cross appeal from the order dated November 1, 2007, must be dismissed as abandoned (see Praeger v Praeger, 162 AD2d 671, 672 [1990]; Anonymous v Anonymous, 137 AD2d 739, 742 [1988]), as the parties do not seek reversal of any portion of that order in their respective briefs.

The Supreme Court properly awarded the plaintiff sole legal and physical custody of the parties' two children. In making a custody determination, the paramount consideration is the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 95 [1982]). Since the Supreme Court's determination is largely dependent upon an assessment of the credibility of witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Allain v Allain,* 35 AD3d 513, 513-514 [2006]). Here, the Supreme Court's determination to award the plaintiff sole legal and physical custody of the children has a sound and substantial basis in the record. That determination was supported by, among other things, the evaluation of the court-appointed forensic evaluator (*see Nicholas T. v Christine T.,* 42 AD3d 526, 527 [2007]; *Gorelik v Gorelik,* 303 AD2d 553, 554 [2003]). Furthermore, under the circumstances, the Supreme Court providently exercised its discretion in not conducting an in camera interview of the older child (*see Matter of Lincoln v Lincoln,* 24 NY2d 270, 273-274 [1969]; *Matter of Picot v Barrett,* 8 AD3d 288, 289 [2004]; *Matter of Rudy v Mazzetti,* 5 AD3d 777, 778 [2004]).

The Supreme Court also properly calculated the defendant's child support obligation. The evidence at trial supported the Supreme Court's decision to impute income to the defendant for purposes of calculating that obligation (*see Scammacca v Scammacca,* 15 AD3d 382 [2005]; *Rohrs v Rohrs,* 297 AD2d 317, 318 [2002]). Furthermore, the Supreme Court, which applied the statutory 25% child support percentage (*see* Domestic Relations Law § 240 [1-b] [b] [3] [ii]) to the combined parental income over $80,000, sufficiently articulated its reasons for so doing (*see* Domestic Relations Law § 240 [1-b] [c] [3]; [f]; *Matter of Cassano v Cassano,* 85 NY2d 649, 655 [1995]; *Embury v Embury,* 49 AD3d 802, 805 [2008]).

At the time of trial, the parties' children were three and seven years old. No evidence was adduced concerning the children's academic ability, interest in attending college, or choice of college. Under these circumstances, it was premature for the Supreme Court to direct the defendant to contribute towards the children's college costs (*see Matter of Halpern v Kuruvilla,* 280 AD2d 670, 671 [2001]; *Tan v Tan,* 260 AD2d 543 [1999]; *Granade-Bastuck v Bastuck,* 249 AD2d 444, 446 [1998]).

On his motion for recusal, the defendant did not assert a ground for legal disqualification under Judiciary Law § 14. In addition, he failed to set forth any proof of the Supreme Court's

bias or prejudice. Under these circumstances, the Supreme Court providently exercised its discretion in denying the motion (*see Tornheim v Tornheim,* 28 AD3d 534, 535 [2006]).

The defendant's remaining contentions are without merit. Rivera, J.P., Dillon, Covello and McCarthy, JJ., concur.