(April 14, 2009)

■ MICHAEL BLAKEY, Respondent, v NATALIE BLAKEY, Appellant. [876 NYS2d 647]—In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (MacKenzie, J.), entered May 4, 2007, as upon a decision of the same court dated November 17, 2006, made after a nonjury trial, awarded the plaintiff sole custody of the parties' child, awarded

her the sum of only $250 per week in maintenance for three years, awarded the plaintiff child support in the sum of $29 per week, and determined that the marital residence was separate property and awarded its exclusive use and occupancy to the plaintiff.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"The essential consideration in any custody controversy is what custody arrangement will promote the best interests of the children" (*Matter of Brass v Otero*, 40 AD3d 752, 752 [2007]; *see Eschbach v Eschbach*, 56 NY2d 167, 174 [1982]). "Since the Supreme Court's determination is largely dependent upon an assessment of the credibility of witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Bibas v Bibas*, 58 AD3d 586, 588 [2009]; *see Allain v Allain*, 35 AD3d 513, 513-514 [2006]). Here, there is a sound and substantial basis in the record for the Supreme Court's determination that the best interests of the child would be served by awarding the plaintiff custody.

"[C]onsidering, among other factors, the standard of living of the parties during the marriage, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (*Meccariello v Meccariello*, 46 AD3d 640, 641-642 [2007]; *see* Domestic Relations Law § 236 [B] [6]; *DiBlasi v DiBlasi*, 48 AD3d 403, 404 [2008]), the Supreme Court providently exercised its discretion in awarding the defendant maintenance in the sum of $250 per week for three years.

The defendant's remaining contentions are without merit. Spolzino, J.P., Florio, Covello and Eng, JJ., concur.