■ In the Matter of ISAIAH J., an Infant. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; STACY J., Appellant. (Proceeding No. 1.) In the Matter of JERIMIAH S., an Infant. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; STACY J., Appellant. (Proceeding No. 2.) In the Matter of JOSHUA J., an Infant. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; STACY J., Appellant. (Proceeding No. 3.) In the Matter of HEZEKIAH J., an Infant. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; STACY J., Appellant. (Proceeding No. 4.) In the Matter of EZEKIEL J., an Infant. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; STACY J., Appellant. (Proceeding No. 5.) In the Matter of GABRIEL J., an Infant. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; STACY J., Appellant. (Proceeding No. 6.) [884 NYS2d 456]—In six related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from (1) three orders of the Family Court, Kings County (Staton, J.H.O.), all dated June 9, 2008 (one as to each of the subject children Isaiah J., Jerimiah S., and Joshua J.),

which, after a hearing pursuant to Family Court Act § 1027, determined that the Administration for Children's Services made reasonable efforts to prevent removal of those children from her custody and removed those children from her custody, (2) three orders of the same court, all dated June 19, 2008 (one as to each of the subject children Hezekiah J., Ezekiel J., and Gabriel J.), which, after a continued hearing, determined that the Administration for Children's Services made reasonable efforts to prevent the removal of those children from her custody and removed those children from her custody, and (3) an order of the same court (Danoff, J.), dated July 11, 2008.

Ordered that the appeal from the order dated July 11, 2008, is dismissed as abandoned; and it is further,

Ordered that the orders dated June 9, 2008, and June 19, 2008, are modified, on the facts and in the exercise of discretion, by adding thereto provisions that the children Isaiah J., Jerimiah S., Joshua J., and Hezekiah J. shall be physically returned to the mother, under a trial discharge, and that the Administration for Children's Services shall provide intensive case management for the family, identify appropriate housing for the family, assist the mother in obtaining such housing, and provide such additional services as may be required; as so modified, the orders dated June 9, 2008, and June 19, 2008, are affirmed, without costs or disbursements; and it is further,

Ordered that the physical return of the children Isaiah J., Jerimiah S., Joshua J., and Hezekiah J. to the mother under a trial discharge shall be effected within 30 days of the date of this decision and order; and it is further,

Ordered that the Family Court, Kings County, shall continue and conclude the neglect proceedings with all deliberate speed.

The record supports the Family Court's determinations that the removal of the six subject children from the mother's custody was necessary to avoid imminent risk to the children's life or health (see Family Ct Act § 1027 [b] [i]). While the risk of harm to the children was sufficient to necessitate removal, the risks presented by the family's situation would not have been insurmountable had the mother received additional appropriate services and cooperated with the Administration for Children's Services in addressing those risks.

Although the children were removed from the mother's custody in June 2008, the permanency hearing, while commenced, was not completed by the time this appeal was argued in June 2009. Given the unique circumstances of this case, it is in the best interests of all of the children if the four youngest children, Isaiah J., Jerimiah S., Joshua J., and Hezekiah J., are

returned to their mother under a trial discharge (*cf.* Family Ct Act § 1089), with appropriate safeguards, pending the completion of the permanency hearing. It is also necessary that, within 30 days of the date of this decision and order, the Administration for Children's Services, or other appropriate social services official, provide such services as are ordered herein, and such additional services as may be necessary to facilitate the trial discharge of the four youngest children to their mother, pursuant to Family Court Act § 1015-a, with continuing protection for those children, pending the completion of the permanency hearing.

The appeal from the order dated July 11, 2008, must be dismissed as abandoned (*see Sirma v Beach*, 59 AD3d 611, 614 [2009]; *Bibas v Bibas*, 58 AD3d 586 [2009]), as the appellant does not seek reversal of any portion of that order in her brief. Fisher, J.P., Miller, Angiolillo and Hall, JJ., concur.