In the Matter of JAMEL GOODRIDGE, Respondent, v EVELYN GONZALEZ, Appellant. (Proceeding No. 1.) In the Matter of EVELYN GONZALEZ, Appellant, v JAMEL GOODRIDGE, Respondent. (Proceeding No. 2.) [923 NYS2d 880]—

In two related child custody proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (McGrady, Ct. Atty. Ref.), dated July 25, 2010, as, after a hearing, granted the father's petition for sole custody of the parties' child and denied her cross petition for sole custody of the child and to relocate with the child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly awarded the father sole custody of the parties' child. In making a custody determination, the paramount consideration is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]). Since the Family Court's determination is largely dependent upon an assessment of the credibility of witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Allain v Allain*, 35 AD3d 513, 513-514 [2006]). Here, the Family Court's determination to award the father sole custody of the child has a sound and substantial basis in the record. That determination was supported by, among other things, the evaluation of the court-appointed forensic evaluator (*see Nicholas T. v Christine T.*, 42 AD3d 526, 527 [2007]; *Gorelik v Gorelik*, 303 AD2d 553, 554 [2003]).

The mother's remaining contentions are without merit. Mastro, J.P., Leventhal, Austin and Cohen, JJ., concur.