■ In the Matter of RAY D. PURSE, Respondent, v RACQUEL CROCKER, Appellant. [944 NYS2d 648]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Lechtrecker, Ct. Atty. Ref.), dated June 23, 2011, as, after a hearing, granted the father's petition for sole custody of the subject child.

Ordered that the order is affirmed insofar as appealed from, with costs.

In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the

child (*see Matter of Awan v Awan,* 63 AD3d 733, 734 [2009], citing *Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *see also Friederwitzer v Friederwitzer,* 55 NY2d 89, 94 [1982]). Among the factors to be considered when evaluating the child's best interests are " 'the parental guidance provided by the custodial parent, each parent's ability to provide for the child's emotional and intellectual development, each parent's ability to provide for the child financially, the relative fitness of each parent, and the effect an award of custody to one parent might have on the child's relationship with the other parent' " (*Craig v Williams-Craig,* 61 AD3d 712, 712 [2009], quoting *Matter of Berrouet v Greaves,* 35 AD3d 460, 461 [2006]; *see Matter of McGovern v Lynch,* 62 AD3d 712 [2009]; *Matter of Carrasquillo v Cora,* 60 AD3d 852 [2009]). In particular, interference with the relationship between a child and the noncustodial parent is "an act so inconsistent with the best interests of the children as to, per se, raise a strong probability that the [offending party] is unfit to act as custodial parent" (*Daghir v Daghir,* 82 AD2d 191, 194 [1981], *affd* 56 NY2d 938 [1982] [citation and internal quotation marks omitted]).

Here, contrary to the mother's contention, the Family Court properly determined that the best interests of the child would be served by awarding the father sole custody (*see Matter of Caravella v Toale,* 78 AD3d 828 [2010]; *Matter of Zeis v Slater,* 57 AD3d 793 [2008]). The determination was supported by the record, including the testimony of the parties, which established, among other things, that the mother and her family deliberately interfered with the father's relationship with the parties' son by omitting the father's name from the child's birth certificate, not including the father in the planning of the child's christening and first birthday party, and seeking police intervention to prevent the father from gaining access to the child. Furthermore, despite the mother's contention that the father was potentially violent and an unfit parent, the hearing testimony established that, prior to the commencement of this proceeding, the father had been, without incident, regularly taking care of the parties' son during the day while the mother was at work. Since the Family Court's determination has a sound and substantial basis in the record, it will not be disturbed (*see Matter of Plaza v Plaza,* 305 AD2d 607 [2003]). Skelos, J.P., Balkin, Leventhal and Austin, JJ., concur.