The essential consideration in determining custody is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Carrasquillo v Cora, 60 AD3d 852 [2009]; Gurewich v Gurewich, 43 AD3d 458 [2007]). The factors to be considered in making a custody determination include “the parental guidance provided by the custodial parent, each parent’s ability to provide for the child’s emotional and intellectual development, each parent’s ability to provide for the child financially, the relative fitness of each parent, and the effect an award of custody to one parent might have on the child’s relationship with the other parent” (Craig v Williams-Craig, 61 AD3d 712, 712 [2009]; see Matter of McGovern v Lynch, 62 AD3d 712 [2009]; Matter of Carrasquillo v Cora, 60 AD3d at 853). The “existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances” (Eschbach v Eschbach, 56 NY2d at 172; see Pollack v Pollack, 56 AD3d 637 [2008]; Matter of Bowe v Robinson, 23 AD3d 555 [2005]; Kaplan v Kaplan, 21 AD3d 993 [2005]). In addition, where, as here, a complete evidentiary hearing has been held on the issue of custody, any determination depends to a great extent upon the hearing court’s assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties (see Matter of Rudolph v Armstead, 61 AD3d 979 [2009]; Matter of Gilmartin v Abbas, 60 AD3d 1058 [2009]; Matter of Bonilla v Amaya, 58 AD3d 728 [2009]). The credibility findings of the Family Court will be ac *899 corded great weight and its award of custody will not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Jara v Rivera, 60 AD3d 680 [2009]; Matter of Francis v Cox, 57 AD3d 776 [2008]; Matter of Rolon v Medina, 56 AD3d 676 [2008]).
Applying these standards, we find that the Family Court’s determination to award sole custody of the parties’ youngest child to the father has a sound and substantial basis in the record. The evidence at the hearing, which was held in January 2011, established that the child, who was I2V2 years old at the time of the hearing and had been in the father’s care since April 2009, when the mother sent him to live with the father, was happy and well-adjusted, was performing satisfactorily in school, and had a close relationship with his father, his sister, and his extended family with whom he lived. In addition, the father was able to provide a more stable environment for the child, was best able to provide for the child financially, and adequately provided for the child’s emotional and intellectual development. Accordingly, the Family Court’s determination to award custody to the father will not be disturbed (see Gurewich v Gurewich, 43 AD3d at 459). Skelos, J.P., Leventhal, Chambers and Lott, JJ., concur.