In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals (1) from a decision of the Family Court, Queens County (Seiden, Ct. Atty. Ref.), dated March 7, 2011, made after a hearing, and (2) an order of the same court dated March 11, 2011, which, upon the decision, in effect, granted the father’s petition for sole custody of the subject children and denied her petition for sole custody of the subject children.
Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision {see Schicchi v J. A. Green Constr. Corp., 100 AD 2d 509 [1984]); and it is further,
Ordered that the order is affirmed, without costs or disbursements.
The mother and the father had two children and lived together with them in Queens. However, the mother suddenly moved with the children from Queens to Saratoga Springs, New York, secretly and without providing any notice to the father. The day after the move, the mother filed a petition for sole custody of the children in the Family Court, Saratoga County. That same day, the father filed his petition for sole custody of the children in the Family Court, Queens County. The mother’s *885 custody petition ultimately was transferred to the Family Court, Queens County.
After a hearing, the Family Court awarded sole custody of the children to the mother, on condition that she return to New York City. The Family Court further provided that, in the event the mother did not return to New York City, it would award sole custody to the father. The mother did not return to New York City and sole custody was awarded to the father.
The essential consideration in any custody dispute is the best interests of the children (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Dwyer-Hayde v Forcier, 67 AD3d 1011, 1011 [2009]). In determining the best interests of the children, “the court must evaluate the totality of [the] circumstances” (Nicholas T. v Christine T., 42 AD3d 526, 527 [2007] [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d at 171). While the recommendation of a court-appointed forensic psychologist is to be considered in making a custody determination and is entitled to some weight, it is not determinative and does not usurp the judgment of the trial judge (see Bourne v Bristow, 66 AD3d 621, 621-622 [2009]; Matter of Kozlowski v Mangialino, 36 AD3d 916, 917 [2007]). Moreover, “[c]ustody determinations depend to a very great extent upon the hearing court’s assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties” (Matter of Brian S. v Stephanie P., 34 AD3d 685, 686 [2006] [internal quotation marks omitted]; see Matter of Irene O., 38 NY2d 776, 777 [1975]). Thus, where a hearing court has conducted a complete evidentiary hearing, its findings must be accorded great weight, and its award of custody will not be disturbed unless it lacks a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d at 173; Bourne v Bristow, 66 AD3d at 622; Matter of Brian S. v Stephanie P., 34 AD3d at 686).
Here, the Family Court’s determination to award sole custody to the father in the event that the mother did not return to New York City had a sound and substantial basis in the record. The evidence adduced at the hearing supported the Family Court’s findings that the father was the more stable parent, that the mother did not provide sufficient academic support for the children, and that the mother and children were isolated from any type of support system in Saratoga Springs. The evidence also demonstrated that there was an established familial support system in Queens.
While the court-appointed evaluator recommended that custody of the children should be awarded to the mother even if *886 she continued to reside in Saratoga Springs, the Family Court’s determination was nonetheless supported by a sound and substantial basis in the record. The record revealed that both parties loved their children and played a substantial role in caring for them. The father, however, demonstrated that he was the more stable parent and had a greater ability to provide for the children financially, emotionally, and academically.
The mother’s remaining contentions are without merit.
Accordingly, the Family Court’s determination will not be disturbed (see Bourne v Bristow, 66 AD3d at 622). Skelos, J.E, Dickerson, Hall and Roman, JJ., concur.