In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from so much of an order of the Family Court, Orange County (Kiedaisch, J.), dated December 13, 2011, as, after a hearing, awarded the father visitation in Kentucky with the parties’ children every summer and every school break for “Thanksgiving, Christmas, winter, mid-winter, spring, and Easter,” awarded the father a “right of first refusal” for visitation in Kentucky during four of the subject children’s three-day weekend breaks from school, and did not award her access to the subject children by computer or telephone while they are visiting the father in Kentucky, and the father cross-appeals, as limited by his brief, from so much of the same order as granted the mother’s petition for sole legal and physical custody of the subject children and only awarded him visitation.
Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof awarding the father visitation in Kentucky during school breaks for “[ejvery Thanksgiving, Christmas, winter, mid-winter, spring, and Easter,” and substituting therefor a provision awarding the parties equal parenting time during those enumerated school breaks, (2) by deleting the word “Kentucky” from subdivision 4 in the second decretal paragraph thereof, and substituting therefor the words “New York,” (3) by adding to subdivision (4) in the second decretal paragraph thereof a provision directing the mother to reimburse the father for one half of the reasonable transportation costs for the father’s round-trip travel between Kentucky and New York for the four visitations *706 set forth in said subdivision, and (4) by adding a provision thereto awarding the mother reasonable access to the subject children, by telephone or computer or both, while they are visiting the father in Kentucky, and (5) by deleting the provision thereof requiring the father to return the children to the mother five days before the commencement of school after summer vacation, and substituting therefor a provision requiring the father to return the children to the mother 10 days before the commencement of school after summer vacation; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, to set forth a new visitation schedule regarding “Thanksgiving, Christmas, winter, mid-winter, spring, and Easter” that apportions visitation during those school breaks equally between the parties in accordance herewith; and it is further,
Ordered that pending determination of the new visitation schedule, the visitation provisions regarding “Thanksgiving, Christmas, winter, mid-winter, spring, and Easter” school breaks set forth in the order dated December 13, 2011, shall remain in effect.
The parties are the parents of twins born in September 2005, in Orange County, New York. For more than one year after the children were born, the family lived in Kentucky. The parties separated in January 2007 and, in or around March 2007, the mother moved back to Orange County with the children while the father remained in Kentucky. Later that year, the mother filed a petition for sole legal and physical custody of the children, who remained in the mother’s care during the pendency of the proceedings, with frequent and substantial visitation with the father in Kentucky. On December 13, 2011, the Family Court granted the mother’s petition for sole legal and physical custody of the children, and awarded liberal visitation to the father, including, inter alia, visits in Kentucky during the children’s entire summer vacation each year, all of their school breaks longer than three days (including Thanksgiving, Christmas, and Easter breaks), and four of their three-day weekend breaks (wherein the children have Monday off from school).
In adjudicating custody and visitation rights, the court’s paramount concern is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Purse v Crocker, 95 AD3d 1216, 1216-1217 [2012]; Koppenhoefer v Koppenhoefer, 159 AD2d 113, 116 [1990]). In determining those best interests, the court must evaluate the totality of the cir *707 cumstances (see Eschbach v Eschbach, 56 NY2d at 171; Matter of Crivelli v Tolento, 100 AD3d 884, 885 [2012]). Among the factors to be considered when evaluating the child’s best interests are “the parental guidance provided by the custodial parent, each parent’s ability to provide for the child’s emotional and intellectual development, each parent’s ability to provide for the child financially, the relative fitness of each parent, and the effect an award of custody to one parent might have on the child’s relationship with the other parent” (Craig v Williams-Craig, 61 AD3d 712, 712 [2009] [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d at 172; Matter of Blakeney v Blakeney, 99 AD3d 898 [2012]; Matter of Purse v Crocker, 95 AD3d at 1217). Moreover, where domestic violence occurs, as it did here, “the court must consider the effect of such domestic violence upon the best interests of the child” (Domestic Relations Law § 240 [1]; see Matter of Wissink v Wissink, 301 AD2d 36, 39-40 [2002]).
Where, as here, a complete evidentiary hearing has been held on the issue of custody, any determination depends to a great extent upon the hearing court’s assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties (see Eschbach v Eschbach, 56 NY2d at 171; Matter of Crivelli v Tolento, 100 AD3d at 885; Matter of Blakeney v Blakeney, 99 AD3d at 898). The credibility findings of the Family Court will be accorded great weight and its determinations regarding custody and visitation will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Crivelli v Tolento, 100 AD3d at 885; Matter of Blakeney v Blakeney, 99 AD3d at 898-899; Matter of Nikolic v Ingrassia, 47 AD3d 819, 820 [2008]).
Here, the Family Court’s determination awarding sole legal and physical custody of the children to the mother has a sound and substantial basis in the record. The evidence at the hearing established that the children had a strong, positive, and healthy relationship with both parents. Moreover, each parent was able to provide a sufficiently stable environment, and adequately provide for the children’s emotional and intellectual development. However, the Family Court, having the benefit of observing and listening to the witnesses firsthand, credited the mother’s allegations of domestic violence by the father, and found that his denials thereof lacked veracity (see Costigan v Renner, 76 AD3d 1039, 1040 [2010]). Many of these acts of domestic violence occurred before the children were born and they were present during only one of these incidents, when they were infants. Nonetheless, the Family Court properly found *708 that the domestic violence perpetrated by the father demonstrates that the mother is better suited to provide the children with moral and intellectual guidance (see Matter of Moreno v Cruz, 24 AD3d 780, 781 [2005]; Matter of Wissink v Wissink, 301 AD2d at 40; cf. Costigan v Renner, 76 AD3d at 1040).
Also supporting the Family Court’s custody determination was evidence establishing that the mother is better able and more prepared to closely monitor certain issues pertaining to the children’s medical condition. Contrary to the father’s contention, the record reveals that the mother did not deliberately interfere with his relationship with the children (cf. Matter of Purse v Crocker, 95 AD3d at 1217). Accordingly, the Family Court’s determination awarding custody to the mother will not be disturbed (see Matter of Blakeney v Blakeney, 99 AD3d at 899; Matter of Moreno v Cruz, 24 AD3d at 781).
While we agree with the Family Court that the father should be afforded liberal visitation, certain provisions of the Family Court’s visitation schedule are not appropriate. The father was awarded visitation in Kentucky during the children’s entire summer vacation each year, every school break lasting four days or longer (including breaks for Thanksgiving, Christmas, and Easter), and four additional three-day weekend breaks during the school year.
Given the strong attachments that the children have to both parents and the geographic distance between the parents (more than 850 miles), the Family Court providently exercised its discretion in determining that the father should have visitation in Kentucky for the summer, every year. There was undisputed evidence that the children spent summer months in Kentucky ever since the mother moved them to New York. Moreover, the children have strong attachments to their paternal grandparents in Kentucky, as well as relationships with numerous cousins there. However, the children should be returned to the mother 10 days before, rather than five days before, the commencement of each school year.
The provision of the visitation schedule which, in addition to the summer visitation, awards the father visits in Kentucky during school breaks for “every Thanksgiving, Christmas, winter, mid-winter, spring, and Easter,” effectively deprives the mother “of any significant quality time” with the children, and is therefore “excessive” (Chamberlain v Chamberlain, 24 AD3d 589, 593 [2005] [internal quotation marks omitted]; see Matter of Patrick v Farris, 39 AD3d 864, 865 [2007]). While that provision takes into account the children’s need to spend time with the father and his family, it does not take into account the *709 importance of their relationship with the mother and her extended family, in that it deprives the children of contact “during times usually reserved for family gatherings and recreation” (Matter of Nikolic v Ingrassia, 47 AD3d at 821). We note that the court-appointed forensic evaluator recommended that the parties share parenting time during major holidays such as Thanksgiving, Christmas, and Easter. There was no contrary evidence that awarding all parenting time during these holidays to the father furthers the children’s best interests. The opinions of experts “are entitled to some weight” (Bains v Bains, 308 AD2d 557, 558 [2003]), and, under the circumstances presented here, the Family Court should have awarded equal parenting time to the parties for these school breaks. Accordingly, we remit the matter to the Family Court to set forth a new visitation schedule regarding “Thanksgiving, Christmas, winter, midwinter, spring, and Easter” that apportions those school breaks equally between the parties.
Moreover, the provision of the visitation schedule awarding the father the option of visits in Kentucky during four of the children’s three-day weekend breaks creates an onerous burden for the children. This provision may place the children in the position of traveling to and from Kentucky — a distance of more than 850 miles — over the course of a mere three days. Such a schedule is too disruptive and not in the children’s best interests (see Matter of Welch v Welch, 39 AD3d 910, 911 [2007]; Anonymous v Anonymous, 120 AD2d 983, 984 [1986]; see also Matter of Nikolic v Ingrassia, 47 AD3d at 821). We see no reason to disturb the Family Court’s determination that the father should have the option of exercising visits during four of the children’s three-day weekend breaks from school, but it is in the children’s best interests that such visits take place in New York, with the mother reimbursing the father for one half of the reasonable transportation costs for the father’s round-trip travel between Kentucky and New York with respect to the four three-day weekend visits.
Furthermore, as the father acknowledges, the order appealed from should have included a provision affording the mother reasonable communication with the children, by computer or telephone or both, while they are visiting the father in Kentucky.
The father’s remaining contentions are without merit. Angiolillo, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.