■ In the Matter of TAMEISHA McQUEEN, Respondent, v DANIEL LEGETTE, Appellant. [1 NYS3d 845]—

Appeal from an order of the Family Court, Suffolk County (John Kelly, J.), dated August 12, 2013. The order granted the mother's petition for sole legal and physical custody of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

In adjudicating custody and visitation rights, the court's paramount concern is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Purse v Crocker*, 95 AD3d 1216, 1216-1217 [2012]; *Koppenhoefer v Koppenhoefer*, 159 AD2d 113, 116 [1990]). In determining those best interests, the court must evaluate the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d at 171; *Matter of Crivelli v Tolento*, 100 AD3d 884, 885 [2012]). Among the factors to be considered when evaluating the child's best interests are "the parental guidance provided by the custodial parent, each parent's ability to provide for the child's emotional and intellectual development, each parent's ability to provide for the child financially, the relative fitness of each parent, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Craig v Williams-Craig*, 61 AD3d 712, 712 [2009]; *see Eschbach v Eschbach*, 56 NY2d at 172; *Matter of Blakeney v Blakeney*, 99 AD3d 898 [2012]; *Matter of Purse v Crocker*, 95 AD3d at 1217). Where, as here, a complete evidentiary hearing has been held on the issue of custody, any determination depends to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties (*see Eschbach v Eschbach*, 56 NY2d at 171; *Matter of Crivelli v Tolento*, 100 AD3d at 885; *Matter of Blakeney v Blakeney*, 99 AD3d at 898). The credibility findings of the Family Court will be accorded great weight, and its determinations regarding custody and visitation will not be disturbed unless

they lack a sound and substantial basis in the record (*see Matter of Crivelli v Tolento*, 100 AD3d at 885; *Matter of Blakeney v Blakeney*, 99 AD3d at 898-899; *Matter of Nikolic v Ingrassia*, 47 AD3d 819, 820 [2008]). Here, the Family Court's determination granting the mother's petition for sole legal and physical custody of the subject child has a sound and substantial basis in the record.

The new facts that the attorney for the child sets forth on appeal do not demonstrate that the record before us is no longer sufficient for determining the best interests of the subject child (*see Matter of Michael B.*, 80 NY2d 299, 318 [1992]). Skelos, J.P., Balkin, Sgroi and LaSalle, JJ., concur.