Matter of Toro v Williams (2018 NY Slip Op 08315)





Matter of Toro v Williams


2018 NY Slip Op 08315


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-02627
 (Docket No. V-1140-16)

[*1]In the Matter of Wilson Toro, appellant, 
v
Tekoa Williams, respondent.


Larry S. Bachner, New York, NY, for appellant.
Yesenia Rivera-Sipes, New York, NY, for respondent.
Scott M. Schwartz, Staten Island, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Peter Fuller De Lizzo, J.), dated January 29, 2018. The order, after a hearing, in effect, denied the father's petition for sole physical and legal custody of the subject child, awarded the mother sole physical and legal custody of the subject child, and established a parental access schedule for the father.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who were never married, are the parents of the subject child, who was born in 2013. In 2016, the father filed a petition for sole legal and physical custody of the child. The mother answered the petition and asserted a counterclaim for the same relief in her favor.
The evidence adduced at a custody hearing reveals that the child split her time between the mother's household and the father's household, which the father shares with his parents, from the time the child was three months old. In 2014, the father relocated from Manhattan to Staten Island without informing the mother in advance. The father was injured in the course of his employment as a correction officer and no longer works. His parents, especially the paternal grandmother, provide him with significant assistance in caring for the child. The parties admittedly do not get along and have a difficult time co-parenting. After the paternal grandmother noticed that the child had a bruise, the father took the child to the hospital where he was told that the bruise did not look suspicious. He nevertheless refused to return the child to the mother's care for her designated parenting time until the police directed him to do so. After the custody hearing, the Family Court, in effect, denied the father's petition, awarded the mother sole legal and physical custody, and established a parental access schedule for the father. The father appeals.
We find no basis for disturbing the Family Court's determination awarding the mother sole physical and legal custody of the child. In deciding questions of child custody, the court must determine what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171). In determining the best interests of the child, the court must consider the totality of the circumstances, including the relative fitness of the parents and the quality of their respective home [*2]environments (see id. at 172-174; Matter of Blanc v Larcher, 11 AD3d 458, 458). "The court's determination depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents" (Matter of Blanco v Corbett, 8 AD3d 374, 374). The credibility findings of the court are entitled to great weight and should not be disturbed unless they lack a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d at 173; Matter of Pena v Lopez, 140 AD3d 967; Matter of Blanco v Corbett, 8 AD3d at 374).
Here, the Family Court weighed the appropriate factors and its determination to award sole physical and legal custody to the mother had a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d at 173; Matter of Pena v Lopez, 140 AD3d at 968-969; Matter of Blanc v Larcher, 11 AD3d at 459). Moreover, joint custody is inappropriate where, as here, the parties are unable to cooperate with each other on matters concerning the child and effectively co-parent (see Matter of Edwards v Rothschild, 60 AD3d 675; Matter of Timothy M. v Laura A.K., 204 AD2d 325). Therefore, we agree with the Family Court's determination awarding the mother sole legal and physical custody of the child.
The father's remaining contention is without merit.
We note that the mother's request for the counsel fees incurred in connection with defense of this appeal is not properly brought in this Court (see Taft v Taft, 135 AD2d 809; Gutman v Gutman, 24 AD2d 758) and is properly addressed in the first instance to the Family Court (see Kohn v Kohn, 86 AD3d 630).
SCHEINKMAN, P.J., MASTRO, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court