Matter of Jarvis v Lashley (2019 NY Slip Op 01412)





Matter of Jarvis v Lashley


2019 NY Slip Op 01412


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-02621
 (Docket Nos. V-19966-15, V-992-16)

[*1]In the Matter of Daniel C. Jarvis, respondent,
v
Carroll Lashley, appellant. (Proceeding No. 1)
In the Matter of Carroll Lashley, appellant, v Daniel C. Jarvis, respondent. (Proceeding No. 2)


Leighton M. Jackson, New York, NY, for appellant.
Francine Shraga, Brooklyn, NY, for respondent.
Alan S. Cabelly, Jamaica, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Jane A. McGrady, Ct. Atty. Ref.), dated February 22, 2017. The order, after a hearing, in effect, granted the father's petition for sole custody of the parties' child and, in effect, denied the mother's petition for sole custody of the child.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the parents of one child, born in 2011. The mother and the father were not married, but they lived together with their child until the child was four years old. In October 2015, the mother took the child to Georgia without telling the father.
The father then filed a petition pursuant to Family Court Act article 6 seeking sole custody of the child. The Family Court granted the father temporary custody of the child while the proceeding was pending. After the mother appeared in the case, the court granted her parental access. The mother petitioned for sole custody of the child and for permission to relocate with the child to Georgia. The mother later withdrew her request for permission to relocate. Following a hearing, the court, in effect, granted the father's petition for sole custody of the child and, in effect, denied the mother's petition for sole custody of the child. The mother appeals.
Where the Family Court has held an "evidentiary hearing . . . on the issue of custody, any determination depends to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties" (Matter of Felty v Felty, 108 AD3d 705, 707). "The credibility findings of the Family Court will be accorded great weight and its determinations regarding custody and visitation will not be disturbed unless they lack a sound and substantial basis in the record" (id. at 707). "A court deciding an initial petition for child custody must determine what is in the child's best interests" (Matter of McDonald v Thomas, [*2]154 AD3d 763, 764 [internal quotation marks omitted]). The determination of the child's best interests is to be made "based on all the relevant circumstances" (Matter of Santano v Cezair, 106 AD3d 1097, 1098). "In determining the child's best interests, the court must consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Rosenstock v Rosenstock, 162 AD3d 702, 703 [internal quotation marks omitted]). "Willful interference with the other parent's right to parental access, such as when a parent absconds with the child[ ], is an act so inconsistent with the best interests of the child[ ] as to, per se, raise a strong probability that the [offending party] is unfit to act as custodial parent" (id. at 703 [internal quotation marks omitted]).
Here, the Family Court's determination that it was in the child's best interests for the father to have primary residential custody and the mother to have parental access was supported by a sound and substantial basis in the record (see Matter of Felty v Felty, 108 AD3d at 707). According the court's credibility findings "great weight" (id. at 707), the evidence showed that the mother willfully interfered with the relationship between the father and the child by absconding with the child for three months and not facilitating contact between the father and the child during that time; that the mother failed to foster a positive relationship between the child and the father after returning to New York; and that the father would provide a stable home environment for the child and foster a positive relationship between the child and the mother (see Rosenstock v Rosenstock, 162 AD3d at 703). Accordingly, the court's custody determination is supported by a sound and substantial basis in the record and will not be disturbed.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court