■ Charles Lawrence Haggerty, Respondent, v Jacquelyne A. Haggerty, Appellant. [911 NYS2d 639]—

In an action for a divorce and ancillary relief, the defendant

appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), entered April 15, 2009, which, after a nonjury trial, inter alia, awarded the plaintiff sole legal and physical custody of the parties' child.

Ordered that on the Court's own motion, the notice of appeal from the order entered April 15, 2009, is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further.

Ordered that the order is affirmed, without costs or disbursements.

"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (*Matter of Julie v Wills*, 73 AD3d 777, 777 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "Because custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Otero v Nieves*, 77 AD3d 756 [2010]; *see Matter of Julie v Wills*, 73 AD3d at 777; *Matter of Garcia v Becerra*, 68 AD3d 864, 865 [2009]; *Matter of Bonilla v Amaya*, 58 AD3d 728, 729 [2009]).

Here, the Supreme Court's determination that the child's best interests would be served by awarding the plaintiff sole legal and physical custody is supported by a sound and substantial basis in the record. Accordingly, the Supreme Court's determination will not be disturbed on appeal.

The issues raised by the defendant regarding the temporary custody order are academic. The order awarding the plaintiff temporary custody of the child was superseded by the order awarding him permanent custody, and the temporary order is no longer of any effect. Any alleged defect in the temporary order does not render defective the permanent order, which was based upon a full and fair hearing (*see Matter of Miller v Shaw*, 51 AD3d 927, 927-928 [2008]; *Cucinello v Cucinello*, 234 AD2d 365, 366 [1996]). Covello, J.P., Dickerson, Belen and Lott, JJ., concur.