In the Matter of JULIAN B., Appellant, v NIOKA WILLIAMS, Respondent. [948 NYS2d 399]

During the pendency of this appeal, one of the children, Samia B., turned 18 years of age. As such, she is no longer subject to

the order appealed from, and the appeal from so much of the order as pertains to Samia B. must be dismissed as academic (*see Matter of Bartley v Pringle*, 90 AD3d 653 [2011]; *Matter of Brown v Jimenez*, 88 AD3d 875, 876 [2011]; *Matter of Cahill v Zakian*, 71 AD3d 765 [2010]; *Matter of Merando v Vantassel*, 66 AD3d 783 [2009]).

"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (*Matter of Julie v Wills*, 73 AD3d 777, 777 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Harry v Harry*, 92 AD3d 883, 884 [2012]; *Haggerty v Haggerty*, 78 AD3d 998, 999 [2010]). "Because custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Otero v Nieves*, 77 AD3d 756, 756-757 [2010]; *see Matter of Harry v Harry*, 92 AD3d at 884; *Haggerty v Haggerty*, 78 AD3d at 999). Here, the Family Court's award of sole custody to the mother has a sound and substantial basis in the record and will not be disturbed (*see Matter of Harry v Harry*, 92 AD3d at 884; *Matter of Peoples v Bideau*, 85 AD3d 798 [2011]; *Matter of Cavallero v Pena*, 83 AD3d 1062, 1063 [2011]).

Moreover, contrary to the father's contention, the Family Court possessed adequate relevant information to enable it to make an informed and provident determination as to the subject children's best interests (*see Matter of Patterson v Patterson*, 92 AD3d 682, 683 [2012]). Dillon, J.P., Dickerson, Belen and Sgroi, JJ., concur.