■ In the Matter of SEAN SANTANO, Appellant, v SUZETTE CEZAIR, Respondent. (Proceeding No. 1.) In the Matter of SUZETTE CEZAIR, Respondent, v SEAN SANTANO, Appellant. (Proceeding No. 2.) [966 NYS2d 196]—

In related custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (McElrath, J.), dated April 19, 2012, as, after a hearing, denied that branch of the father's petition which was for an award of sole physical custody of the subject child, granted that branch of the mother's separate petition which was for an award of primary physical custody of the subject child, and awarded primary physical custody to the mother.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties, who never married, have one child in common.

Throughout the parties' relationship, and after it ended, the mother lived with the maternal grandparents and was dependent on them for support of the child and herself. When the child was almost three years old, the maternal grandparents moved from Brooklyn to Philadelphia, and the mother and the child moved with them. Up to that time, neither party had sought any formal custody or visitation determination. Prompted by the move, however, the father, who had previously enjoyed substantial, regular parenting time with the child, filed a petition seeking custody. The mother filed a separate petition. After a hearing, the Family Court awarded the parties joint legal custody, with primary physical custody to the mother. The father appeals from so much of the order as denied that branch of his petition which was for an award of sole physical custody, and awarded the mother primary physical custody.

The best interests of the child is the most important consideration in determining custody and visitation (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Jules v Corriette*, 76 AD3d 1016, 1017 [2010]), and the hearing court is to make that determination based on all the relevant circumstances (*see Kaplan v Kaplan*, 21 AD3d 993, 994-995 [2005]). In our review of that determination, we accord considerable deference to the hearing court's assessment of the parties, inasmuch as the assessment rests on that court's superior position to evaluate the witnesses' demeanor and credibility (*see id.*; *Miller v Pipia*, 297 AD2d 362, 364 [2002]).

Although in this case the mother's relocation to Philadelphia precipitated the commencement of the proceedings, the matter concerns an initial custody determination, so the strict application of the factors applicable to relocation petitions (*see Matter of Tropea v Tropea*, 87 NY2d 727 [1996]) is not required (*see Matter of Saperston v Holdaway*, 93 AD3d 1271, 1272 [2012]; *Matter of Lynch v Gillogly*, 82 AD3d 1529, 1530 [2011]). The mother's relocation, therefore, was but one factor for the hearing court to consider in determining what is in the child's best interest (*see Matter of Saperston v Holdaway*, 93 AD3d at 1272). The hearing court's determination has a "sound and substantial" basis in the record (*Prohaszka v Prohaszka*, 103 AD3d 617, 618 [2013]). Additionally, the father's remaining contention does not warrant reversal.

Accordingly, the Family Court's award of primary physical custody to the mother was not an improvident exercise of its discretion. Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.