■ In the Matter of Travis L.J. Wright III, Respondent, v Charline Michelle Stewart, Appellant. (Proceeding No. 1.) In the Matter of Charline Michelle Stewart, Appellant, v Travis L.J. Wright III, Respondent. (Proceeding No. 2.) [16 NYS3d 860]—Appeals from three orders of the Family Court, Queens County (Fran L. Lubow, J.), each dated March 10, 2014. The first and second orders, insofar as appealed from, after a hearing, granted that branch of the father's petition which was for physical custody of the subject child and, in effect, denied the mother's petition for physical custody of the child and to relocate with the child to Georgia. The third order, in effect, denied the mother's petition for physical custody of the child and to relocate with the child to Georgia.

Ordered that the first and second orders are affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the third order is affirmed, without costs or disbursements.

The parties, who never married, have one child together. Throughout the parties' relationship, and after it ended, the mother and the child lived with the child's paternal grandmother. When the child was approximately six years old, the mother moved from Queens to Texas and then Georgia, but left the child in Queens in the care of the father and the paternal grandmother. Prior to that time, neither party had sought any formal custody or visitation determination. Prompted by the move, however, the father filed a petition seeking custody of the child. The mother then filed a separate petition for physical custody and to relocate with the child to Georgia. After a hearing, the Family Court awarded the parties joint legal custody, with physical custody to the father. The court also, in effect, denied the mother's petition. The mother appeals, as limited by her brief, from so much of the orders as granted that branch of the father's petition which was for physical custody and, in effect, denied her petition.

When determining issues of custody and visitation, the most important factor to be considered is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Jules v Corriette*, 76 AD3d 1016, 1017 [2010]). In our review of the Family Court's determination, we accord considerable deference to the court's assessment of the parties, inasmuch as the assessment rests on that court's superior position to evaluate the witnesses' demeanor and credibility (*see Matter of Santano v Cezair*, 106 AD3d 1097, 1098 [2013]; *Miller v Pipia*, 297 AD2d 362, 364 [2002]).

Although, in this case, the mother's relocation out of state precipitated the commencement of these proceedings, the matter concerns an initial custody determination, and, therefore, the strict application of the factors applicable to relocation petitions is not required (*see Matter of Sims v Boykin*, 130 AD3d 835 [2015]; *Matter of Santano v Cezair*, 106 AD3d at 1098; *Matter of Saperston v Holdaway*, 93 AD3d 1271, 1272 [2012]). The mother's relocation was one factor for the Family Court to consider in determining what was in the child's best interest (*see Matter of Santano v Cezair*, 106 AD3d at 1098; *Matter of Saperston v Holdaway*, 93 AD3d at 1272).

Here, the Family Court's challenged determinations had a sound and substantial basis in the record. Leventhal, J.P., Chambers, Austin and Miller, JJ., concur.