■ In the Matter of JONATHAN WOOD, Appellant, v JESSICA RAGO, Respondent. (Proceeding No. 1.) In the Matter of JESSICA RAGO, Respondent, v JONATHAN WOOD, Appellant.(Proceeding No. 2.) [22 NYS3d 913]—Appeal from an order of the Family Court, Suffolk County (Colleen M. Fondulis, Ct. Atty. Ref.), dated October 14, 2014. The order, insofar as appealed from, after a hearing, awarded the mother sole custody of the parties' child and granted her leave to relocate to Florida with the child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties have one child together. The father filed a petition pursuant to Family Court Act article 6 seeking joint

custody of the child and an order prohibiting the mother from relocating to Florida with the child. The mother filed a cross petition for sole custody of the child and for leave to relocate to Florida with the child. After a hearing, the Family Court, inter alia, awarded the mother sole custody of the parties' child and granted her leave to relocate to Florida with the child. The father appeals.

In determining issues of custody and visitation, the most important factor to be considered is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In reviewing the Family Court's determination, we accord considerable deference to the court's assessment of the witnesses' demeanor and credibility (*see Matter of Wright v Stewart*, 131 AD3d 1256 [2015]).

In the context of an initial custody determination, "the strict application of the factors applicable to relocation petitions (*see Matter of Tropea v Tropea*, 87 NY2d 727 [1996]) is not required" (*Matter of Santano v Cezair*, 106 AD3d 1097, 1098 [2013]). The mother's proposed relocation to Florida, therefore, "was but one factor for the hearing court to consider in determining what is in the child's best interest" (*id.* at 1098; *see Matter of Sims v Boykin*, 130 AD3d 835, 836 [2015]).

Here, the Family Court's determination had a sound and substantial basis in the record. Balkin, J.P., Chambers, Cohen and Maltese, JJ., concur.