■ In the Matter of Giavonna F.P.-G. Frank G., Appellant; Renee P.-F. et al., Respondents. (Proceeding No. 1.) In the Matter of Lucciano J.P.-G. Frank G., Appellant; Renee P.-F. et al., Respondents. (Proceeding No. 2.) In the Matter of Frank G., Appellant, v Renee P.-F. et al., Respondents. (Proceeding No. 3.) [36 NYS3d 892]—

Appeals, by permission, from (1) an order of the Family Court, Orange County (Lori Currier Woods, J.), dated April 8, 2015, and (2) an order of that court dated April 27, 2015. The order dated April 8, 2015, insofar as appealed from, in effect,

denied those branches of Frank G.'s motion which were to vacate an award of temporary visitation to Joseph P. made on March 16, 2015, and for permission to relocate with the subject children to Florida. The order dated April 27, 2015, awarded Joseph P. certain visitation with the subject children.

Ordered that the order dated April 8, 2015, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated April 27, 2015, is affirmed; and it is further,

Ordered that the matter is remitted to the Family Court, Orange County, for a full hearing to determine that branch of Frank G.'s motion which was for permission to relocate; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The underlying facts are set forth in our decision and order on a related appeal from an order dated August 21, 2015 (*see Matter of Frank G. v Renee P.-F.*, 142 AD3d 928 [2016] [decided herewith]). For the reasons stated in that decision and order, we find that the Family Court properly, in effect, denied that branch of Frank G.'s motion which was to vacate the award of temporary visitation to Joseph P. made on March 16, 2015.

Contrary to Frank G.'s contentions, Renee P.-F.'s parental rights were not terminated by virtue of her entering into a surrogacy contract. Surrogate parenting contracts have been declared contrary to the public policy, and are void and unenforceable (*see* Domestic Relations Law § 122). Moreover, Domestic Relations Law § 124 (1) expressly states that "the court shall not consider the birth mother's participation in a surrogate parenting contract as adverse to her parental rights, status, or obligations."

That branch of Frank G.'s motion which was for permission to relocate with the children to Florida could not be granted without an evidentiary hearing to determine whether the relocation is in the children's best interests. In this regard, Frank G., the parent seeking to relocate with the children, has the burden of establishing by a preponderance of the evidence that the proposed move would be in the children's best interests (*see Quinn v Quinn*, 134 AD3d 688, 689 [2015]; *Matter of Francis-Miller v Miller*, 111 AD3d 632, 635 [2013]).

Accordingly, we remit the matter to the Family Court, Orange County, for a full hearing to determine that branch of Frank G.'s motion which was for permission to relocate.

Finally, the Family Court properly awarded Joseph P. certain

visitation with the subject children. Hall, J.P., Cohen, Miller and Barros, JJ., concur.