SECOND DEPARTMENT, SEPTEMBER, 2016

(September 6, 2016)

■ In the Matter of FRANK G., Appellant, v RENEE P.-F. et al., Respondents. (Proceeding No. 1.) In the Matter of RENEE P.-F., Respondent, v FRANK G., Appellant. (Proceeding No. 2.) In the Matter of JOSEPH P., Respondent, v FRANK G., Appellant, et al., Respondent. (Proceeding No. 3.) [37 NYS3d 155]—

Appeal, by permission, from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated August 21, 2015.

The order, insofar as appealed from, after a hearing, denied Frank G.'s motion, in effect, to dismiss Joseph P.'s petition for custody of the subject children for lack of standing and determined that Joseph P. has standing to seek custody and/or visitation with the subject children.

Ordered that the order is affirmed insofar as appealed from, with costs.

According to the testimony at the hearing in this custody matter, Joseph P. (hereinafter Joseph) and Frank G. (hereinafter Frank) were domestic partners who lived together in New York State from 2009 through February 2014. As they both desired to have children genetically related to both of them, they asked Joseph's sister, Renee P.-F. (hereinafter Renee), to act as a surrogate. Renee, who had her own children, had previously promised her brother that she would carry a child for him after he met his life partner. Renee executed a surrogacy contract in which she agreed to be impregnated with Frank's sperm and to surrender her parental rights in order for Joseph to adopt the child or children. The understanding between herself, Joseph, and Frank was that Joseph and Frank would be the parents of the children, and that she would remain a part of the children's lives. After undergoing in vitro fertilization, Renee gave birth to fraternal twins, Giovanna and Lucciano (hereinafter the children), in February 2010.

During the first four years of the children's lives, Joseph and Frank equally shared the rights and responsibilities of parenthood, although Joseph did not legally adopt the children. The children regarded both of them as their parents. They called Joseph "dada," and Frank "dad." During that period, Renee frequently saw the children. In early 2014, Joseph and Frank separated, and the children continued to reside with Frank. Even so, Joseph, acting in a parental role, visited and cared for the children on a daily basis. However, in May 2014, Frank suddenly refused to allow Joseph or Renee to have any access to the children. In December 2014, Frank moved to Florida with the children without informing Joseph or Renee, or seeking permission from the court.

Thereafter, Renee filed for custody of the children and for immediate access, and Joseph petitioned to be appointed guardian of the children. In June 2015, Joseph withdrew his guardianship petition, and commenced a proceeding seeking custody of the children. Frank moved, in effect, to dismiss Joseph's custody petition on the ground, inter alia, that Joseph lacked standing under Domestic Relations Law § 70. After conducting an evidentiary hearing, the Family Court denied

Frank's motion in an order dated August 21, 2015. Frank appeals from that order.

Domestic Relations Law § 70 (a) provides as follows: "Where a minor child is residing within this state, either parent may apply to the supreme court for a writ of habeas corpus to have such minor child brought before such court; and on the return thereof, the court, on due consideration, may award the natural guardianship, charge and custody of such child to either parent for such time, under such regulations and restrictions, and with such provisions and directions, as the case may require, and may at any time thereafter vacate or modify such order. In all cases there shall be no prima facie right to the custody of the child in either parent, but the court shall determine solely what is for the best interest of the child, and what will best promote its welfare and happiness, and make award accordingly." The statute does not define "parent." In *Matter of Alison D. v Virginia M.* (77 NY2d 651 [1991]), the Court of Appeals supplied a definition of "parent" to mean solely the biological mother or biological father, or a legal parent by virtue of an adoption (*see id.* at 656). Nineteen years later, in *Debra H. v Janice R.* (14 NY3d 576 [2010]), facing facts similar to those in *Alison D.*, the Court of Appeals reaffirmed *Alison D.*'s holding, stating that "parentage under New York law derives from biology or adoption" (*id.* at 593).

During the pendency of this appeal, the Court of Appeals, in *Matter of Brooke S.B. v Elizabeth A.C.C.* (— NY3d —, 2016 NY Slip Op 05903 [2016]), overruled *Alison D.* because, inter alia, its definition of "parent" had "become unworkable when applied to increasingly varied familial relationships" (*see id.* at —, 2016 NY Slip Op 05903 at *2). In *Brooke S.B.*, the Court held that, where a partner to a biological parent "shows by clear and convincing evidence that the parties agreed to conceive a child and to raise the child together, the non-biological, non-adoptive partner has standing to seek visitation and custody under Domestic Relations Law § 70" (*id.*).

Here, Joseph sufficiently demonstrated by clear and convincing evidence that he and Frank entered into a pre-conception agreement to conceive the children and to raise them together as their parents. Although the surrogacy contract is not enforceable as against Renee to deprive her of standing under Domestic Relations Law § 70 (*see* Domestic Relations Law § 124 [1]), it is evidence of the parties' unequivocal intention that Frank and Joseph become the parents of the children. Moreover, Frank and Joseph equally shared the rights and responsibilities of parenthood, and were equally regarded by the chil-

dren as their parents. Therefore, Joseph established standing to seek custody or visitation under Domestic Relations Law § 70 (*see Matter of Brooke S.B. v Elizabeth A.C.C.*, — NY3d —, 2016 NY Slip Op 05903).

Accordingly, the Family Court properly denied Frank's motion, in effect, to dismiss Joseph's petition for custody of the children and properly determined that Joseph has standing to seek custody or visitation with the children. We remit the matter to the Family Court, Orange County, for a full hearing on Joseph's petition for custody or visitation with the children.

In light of our determination, we need not reach the parties' remaining contentions. Hall, J.P., Cohen, Miller and Barros, JJ., concur.