■ In the Matter of BERLINDA McDONALD, Appellant, v MARCUS THOMAS, Respondent. (Proceeding No. 1.) In the Matter of MARCUS THOMAS, Respondent, v BERLINDA McDONALD, Appellant. (Proceeding No. 2.) [62 NYS3d 148]—

Appeal by the mother from an order of the Family Court, Queens County (Wanda Wardlaw Matthews, Ct. Atty. Ref.), dated April 22, 2016. The order, insofar as appealed from, after a hearing, denied the mother's petition for sole custody of the parties' children and granted the father's cross petition for sole custody of the children and for permission to relocate with the children to Las Vegas, Nevada.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The mother and the father have two children together, born May 18, 2000, and April 12, 2002, respectively. Until 2013, the children resided for the most part with their paternal grandmother, who stated at a hearing that she is no longer able to care for them. In 2013, the father and his wife moved with the children to Las Vegas, Nevada, where the wife's extended family resides, without first petitioning for custody.

The mother, who remained in New York, petitioned for sole custody of the children. The father cross-petitioned for sole custody of the children and for permission to relocate with the subject children to Las Vegas. Pending hearing and determination of the petition and cross petition, temporary orders of visitation awarded the mother visitation in New York on vacations and holidays.

A court-appointed forensic evaluator recommended that the

children remain with their father in Las Vegas, based in part on the children's wishes and the crowded conditions of the mother's apartment, where she resided with at least two of her adult children and a grandson. After a hearing and in camera interviews with the children, the Family Court awarded sole custody of the children to the father and granted him permission to relocate to Las Vegas with the children.

"A court deciding an initial petition for child custody must determine what is in the child's best interests" (*Matter of Supangkat v Torres*, 101 AD3d 889, 889-890 [2012]). The wishes of the child are not controlling, but " 'are entitled to great weight, particularly where the child's age and maturity would make his or her input particularly meaningful' " (*Matter of Oyefeso v Sully*, 148 AD3d 710, 712 [2017], quoting *Matter of Manfredo v Manfredo*, 53 AD3d 498, 500 [2008]).

Here, although the father's relocation to Las Vegas precipitated the commencement of these proceedings, the matter concerns an initial custody determination, and, therefore, the strict application of the factors relevant to relocation petitions (*see Matter of Tropea v Tropea*, 87 NY2d 727 [1996]) is not required (*see Matter of Wood v Rago*, 135 AD3d 949, 950 [2016]; *Matter of Wright v Stewart*, 131 AD3d 1256, 1257 [2015]; *Matter of Sims v Boykin*, 130 AD3d 835, 836 [2015]; *Matter of Santano v Cezair*, 106 AD3d 1097, 1098 [2013]). The father's relocation was one factor for the hearing court to consider in determining what was in the children's best interest (*see Matter of Wood v Rago*, 135 AD3d at 950; *Matter of Santano v Cezair*, 106 AD3d at 1098).

Here, contrary to the mother's contentions, the Family Court's determination has a sound and substantial basis in the record based upon the totality of the evidence, including the wishes of the children.

The mother's remaining contentions are without merit.

Accordingly, the Family Court properly denied the mother's petition for sole custody of the children and granted the father's cross petition for sole custody of the children and for permission to relocate with the children to Las Vegas. Chambers, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.