Matter of Alvarado v Cordova (2018 NY Slip Op 01304)





Matter of Alvarado v Cordova


2018 NY Slip Op 01304


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-05447
 (Docket Nos. V-4489-14, V-4490-14, V-4792-14, V-4793-14)

[*1]In the Matter of Jorge A. Alvarado, appellant,
v
Vanessa S. Cordova, respondent. (Proceeding No. 1) In the Matter of Vanessa S. Cordova, respondent, Jorge A. Alvarado, appellant. (Proceeding No. 2)


Gail Jacobs, Great Neck, NY, for appellant.
Carol J. Lewisohn, Cedarhurst, NY, attorney for the children.



DECISION & ORDER
Appeal from an order of the Family Court, Nassau County (Anna R. Anzalone, J.), dated March 30, 2016. The order, after a hearing, denied the father's petition for sole custody of the parties' children and granted the mother's cross petition for sole custody of the parties' children and for permission to relocate the children to Florida, where she now resides.
ORDERED that the order is modified, on the law and the facts, (1) by adding to the first decretal paragraph thereof, after the words "in its entirety," the words "and the mother shall have sole residential custody of the children in Florida," (2) by deleting the fifth decretal paragraph thereof, and (3) by adding thereto a decretal paragraph ordering the mother to inform the father of the children's residential address, including any change in address; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for a reopened hearing and, thereafter, the determination of a new holiday and vacation visitation schedule for the children in accordance herewith; and it is further,
ORDERED that pending the new determination by the Family Court, Nassau County, the provisions of the fifth decretal paragraph of the order shall remain in effect.
"A court deciding an initial petition for child custody must determine what is in the child's best interests" (Matter of Supangkat v Torres, 101 AD3d 889, 889-890; see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of McDonald v Thomas, 154 AD3d 763, 764).
Here, although the mother's relocation to Florida precipitated the commencement of these proceedings, the matter concerns an initial custody determination, and, therefore, the strict [*2]application of the factors relevant to relocation petitions (see Matter of Tropea v Tropea, 87 NY2d 727) is not required (see Matter of McDonald v Thomas, 154 AD3d at 764; Matter of Wood v Rago, 135 AD3d 949, 950; Matter of Wright v Stewart, 131 AD3d 1256, 1257; Matter of Sims v Boykin, 130 AD3d 835, 836). The mother's relocation was one factor for the hearing court to consider in determining what was in the children's best interests (see Matter of Wood v Rago, 135 AD3d at 950; Matter of Santano v Cezair, 106 AD3d 1097, 1098).
Contrary to the father's contentions, the Family Court's determination to award the mother residential custody of the children in Florida has a sound and substantial basis in the record, based upon the totality of the evidence.
However, we agree with the father and the attorney for the children that the Family Court erred in failing to set forth a more precise holiday and vacation visitation schedule. Instead, the court, in the fifth decretal paragraph of its order, granted the father "six weeks vacation in the [s]ummer, excluding the two weeks immediately prior to the start of the school year and any other visitation as agreed between the parties." Given the history of the parties' relationship, the order is unrealistic to the extent that it requires the parties to cooperate in reaching an agreement (see Matter of Shonyo v Shonyo, 151 AD3d 1595, 1597; Gillis v Gillis, 113 AD3d 816, 817).
Accordingly, we must remit the matter to the Family Court, Nassau County, for a reopened hearing and, thereafter, a new determination setting forth a more detailed schedule of holiday and vacation visitation that is in the best interests of the children (see Gillis v Gillis, 113 AD3d at 817; Matter of Felty v Felty, 108 AD3d 705, 708-709; Matter of Grunwald v Grunwald, 108 AD3d 537, 540; Matter of Ross v Morrison, 98 AD3d 515, 517; Matter of Aguirre v Romano, 73 AD3d 912, 914). The new schedule shall grant the father six weeks of visitation with the children, in New York, during the summer, excluding the two weeks immediately prior to the start of the school year, and shall set forth clear rules for establishing and implementing a summer vacation schedule, including reasonable prior notice to the mother and responsibility for ensuring the children's travel to and from Florida. The new schedule shall also address the issue of visitation during major holidays and other school recess periods, and shall consider the possibility of visitation by the father in Florida, as well as in New York.
We also agree with the father and the attorney for the children that the order appealed from requires further modification to the extent indicated herein.
BALKIN, J.P., CHAMBERS, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court