Matter of Portillo v Maraj (2018 NY Slip Op 02474)





Matter of Portillo v Maraj


2018 NY Slip Op 02474


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-11708
 (Docket Nos. V-940-14, V-2637-14)

[*1]In the Matter of Richard E. Portillo, respondent,
v Trisha J. Maraj, respondent-appellant; Donovan R. P. (Anonymous), nonparty-appellant. (Proceeding No. 1)
In the Matter of Trisha J. Maraj, petitioner- appellant,
v
Richard E. Portillo, respondent; Donovan R. P. (Anonymous), nonparty-appellant. (Proceeding No. 2)


Jonathan E. Kroll & Associates, PLLC, Garden City, NY (Shany Kirshner of counsel), for respondent-appellant in Proceeding No. 1 and petitioner-appellant in Proceeding No. 2.
Stefani Goldin, Syosset, NY, attorney for nonparty-appellant child.
Darren M. Shapiro, Jericho, NY, for respondent.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the child appeals, and the mother separately appeals, from an order of the Family Court, Nassau County (Robert Lopresti, Ct. Atty. Ref.), dated September 30, 2016. The order, after a hearing, granted the father's petition for sole legal and physical custody of the parties' child and denied the mother's petition for sole legal and physical custody of the child.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who were never married, have one child, born in January 2006. From the time of the child's birth until August 2013, the parties resided together with the child in New York. In August 2013, the mother relocated to Georgia for work, and the child remained in New York with the father. In January 2014, the father filed a petition for sole legal and physical custody of the child, alleging, among other things, that it was in the best interests of the child to have custody awarded to him because the child had always resided in his care and he had consistently provided the child with a stable and secure home environment. In March 2014, the mother petitioned for sole legal and physical custody of the child, alleging, among other things, that it was in the child's best interests to have custody awarded to her because she could provide the child with a better life in Georgia. Following a hearing, the Family Court denied the mother's petition and granted the father's petition, awarding him sole legal and physical custody of the child. The mother and the child separately appeal.
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Nunez v Lasso, 144 AD3d 689, 689). In determining an initial petition for child custody, the totality of the circumstances includes, but is not limited to, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of McPherson v McPherson, 139 AD3d 953, 954 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167).
Here, contrary to the contentions of the mother and the child, the Family Court properly applied the analysis applicable to an initial custody determination, in which the mother's relocation to Georgia was one factor for the court to consider in determining what was in the child's best interests (see Matter of Wood v Rago, 135 AD3d 949, 950; Matter of Wright v Stewart, 131 AD3d 1256, 1257; Matter of Sims v Boykin, 130 AD3d 835, 836; cf. Matter of Saperston v Holdaway, 93 AD3d 1271, 1272). Further, the court's determination that the child's best interests would be served by awarding the father sole legal and physical custody has a sound and substantial basis in the record, and will not be disturbed (see Matter of Monasterka v Burns, 121 AD3d 903).
ROMAN, J.P., SGROI, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court