Matter of Renee P.-F. v Frank G. (2018 NY Slip Op 03839)





Matter of Renee P.-F. v Frank G.


2018 NY Slip Op 03839


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-01579
2017-01584
2017-06311
2017-08729
 (Docket Nos. V-6147-14, V-6148-14, P-6149-14, P-6150-14, V-6147-14/15A, V-6148-14/15A, Z-874-15, V-1144-15, V-1145-15, V-2691-15, V-2692-15, V-2691-15/17C, V-2692-15/17C)

[*1]In the Matter of Renee P.-F. (Anonymous), respondent,
v
Frank G. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Frank G. (Anonymous), appellant,Renee P.-F. (Anonymous), et al., respondents. (Proceeding No. 2)
In the Matter of Joseph P. (Anonymous), petitioner- respondent,
v
Frank G. (Anonymous), appellant, et al., Renee P.-F. (Anonymous), respondent-respondent. (Proceeding No. 3)


Marzano Lawyers PLLC, New York, NY (Naved Amed of counsel), for appellant.
Bloom & Bloom, P.C., New Windsor, NY (Peter E. Bloom of counsel), for Joseph P., respondent in Proceeding No. 2 and petitioner-respondent in Proceeding No. 3.
Gloria Marchetti-Bruck, White Plains, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, Frank G. appeals from (1) a decision of the Family Court, Orange County (Lori Currier Woods, J.), dated February 14, 2017, made after a hearing, (2) an order of the same court, also dated February 14, 2017, (3) an order of the same court dated May 10, 2017, and (4) an order of the same court dated August 2, 2017. The order dated February 14, 2017, insofar as appealed from, upon the decision dated February 14, 2017, granted Joseph P.'s petition for custody of the subject children and denied Frank G.'s petition for custody of the subject children and for permission to relocate with the subject children to Florida. The order dated May 10, 2017, insofar as appealed from, granted that branch of Joseph P.'s motion which was for an award of an attorney's fee to the extent of directing Frank G. to pay an attorney's fee in the sum of $25,000, and granted that branch of Renee P.-F.'s motion which was for an award of an attorney's fee to the extent of directing Frank G. to pay an attorney's fee in the sum of $15,000. The order dated August 2, 2017, dismissed, without a hearing, Frank G.'s petition to modify the order dated February 14, 2017, so as to, inter alia, award him custody of the subject children or, in [*2]the alternative, to increase his physical access time with the subject children.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the orders dated February 14, 2017, and May 10, 2017, are affirmed insofar as appealed from; and it is further,
ORDERED that the order dated August 2, 2017, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to Joseph P.
Joseph P. (hereinafter Joseph) and Frank G. (hereinafter Frank) were domestic partners who began living together in 2009. As they desired to have children genetically related to both of them, they asked Joseph's sister, Renee P.-F. (hereinafter Renee), to act as a surrogate. Renee had previously promised her brother that she would carry a child for him after he met his life partner. Renee executed a surrogacy contract in which she agreed to be impregnated with Frank's sperm and to terminate her parental rights in order for Joseph to adopt the child or children. In February 2010, Renee gave birth to fraternal twins, Giavonna and Lucciano (hereinafter together the children).
During the first four years of the children's lives, Joseph and Frank equally shared the rights and responsibilities of parenthood, although Joseph did not legally adopt the children. The children regarded both Joseph and Frank as their parents. During that period, Renee frequently saw the children. In early 2014, Joseph and Frank separated, and the children continued to reside with Frank. Even so, Joseph, acting in a parental role, visited and cared for the children on a daily basis. However, in May 2014, Frank suddenly refused to allow Joseph or Renee to have any access to the children. In December 2014, Frank moved to Florida with the children without informing Joseph or Renee, or commencing a proceeding for custody of the children.
Thereafter, Renee petitioned for custody of the children, and Joseph petitioned to be appointed guardian of the children. In March 2015, Frank petitioned for custody of the children and for permission to relocate with the children to Florida. In an order dated April 8, 2015, the Family Court denied that branch of Frank's motion which was for permission to relocate with the children to Florida. In June 2015, Joseph withdrew his guardianship petition and filed a petition for custody of the children. Frank then moved, in effect, to dismiss Joseph's custody petition on the ground, inter alia, that Joseph lacked standing under Domestic Relations Law § 70. In an order dated August 21, 2015, the court, after a hearing, denied Frank's motion to dismiss and determined that Joseph had standing to seek custody of or physical access with the children. Frank appealed from the orders dated April 8, 2015, and August 21, 2015.
While Frank's appeals were pending before this Court, the Court of Appeals, in Matter of Brooke S.B. v Elizabeth A.C.C. (28 NY3d 1), overruled Matter of Alison D. v Virginia M. (77 NY2d 651). In Matter of Brooke S.B., the Court of Appeals held that, where a partner to a biological parent "shows by clear and convincing evidence that the parties agreed to conceive a child and to raise the child together, the non-biological, non-adoptive partner has standing to seek visitation and custody under Domestic Relations Law § 70" (Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d at 13). Based upon the evidence adduced at the hearing before the Family Court and in light of Matter of Brooke S.B., this Court determined that Joseph established standing to seek custody or physical access and remitted the matter to the Family Court, Orange County, for a full hearing on the custody petitions (see Matter of Giavonna F.P.-G. [Frank G.—Renee P.-F.], 142 AD3d 931; Matter of Frank G. v Renee P.-F., 142 AD3d 928).
On remittitur, the Family Court, after a hearing, issued an order dated February 14, 2017, upon a decision also dated February 14, 2017, inter alia, granting Joseph's petition for custody of the children and denying Frank's petition for custody of the children and for permission to relocate with the children to Florida. In an order dated May 10, 2017, the court granted that branch of Joseph's motion which was for an award of an attorney's fee to the extent of directing Frank to pay [*3]an attorney's fee in the sum of $25,000, and granted that branch of Renee's motion which was for an award of an attorney's fee to the extent of directing Frank to pay an attorney's fee in the sum of $15,000. In an order dated August 2, 2017, the court dismissed, without a hearing, Frank's petition to modify the order dated February 14, 2017, so as to, inter alia, award him custody of the children. Frank appeals from the decision and the orders.
Frank argues that the Family Court improperly determined that Joseph had standing to seek custody of the children pursuant to Matter of Brooke S.B. (28 NY3d 1). However, as stated above, on Frank's prior appeal from the order dated August 21, 2015, this Court determined that Joseph established standing to seek custody or physical access pursuant to the standard set forth in Matter of Brooke S.B. and remitted the matter to the Family Court, Orange County, for a full hearing on Joseph's petition for custody or visitation with the children (see Matter of Frank G. v Renee P.-F., 142 AD3d at 930-931). "The law of the case doctrine forecloses re-examination of issues decided on a prior appeal in the same action, absent a showing of new evidence or a change in the law" (New York Cent. Lines, LLC v State of New York, 141 AD3d 703, 705; see Clinkscale v Sampson, 104 AD3d 722, 723; Wells Fargo Bank Minn., N.A. v Perez, 70 AD3d 817, 817). Here, Frank had a full and fair opportunity before the Family Court and on the prior appeal to contest the issue of Joseph's standing. Frank has neither presented new evidence that would change the determination in the prior appeal nor demonstrated that there has been a subsequent change in the law. Under these circumstances, Frank is barred from raising the same argument again on these appeals.
"The paramount concern in any custody or visitation determination is the best interests of the child, under the totality of the circumstances" (Matter of Boggio v Boggio, 96 AD3d 834, 835; see Matter of Wilson v McGlinchey, 2 NY3d 375, 380-381; Eschbach v Eschbach, 56 NY2d 167, 171). As this matter concerns an initial custody determination, the strict application of the factors relevant to relocation petitions (see Matter of Tropea v Tropea, 87 NY2d 727, 741) is not required (see Matter of McDonald v Thomas, 154 AD3d 763, 764; Matter of Wood v Rago, 135 AD3d 949, 950). Frank's relocation to Florida was one factor for the Family Court to consider in determining what was in the children's best interests (see Matter of Wood v Rago, 135 AD3d at 950; Matter of Santano v Cezair, 106 AD3d 1097, 1098). "[O]ne of the primary responsibilities of a custodial parent is to assure meaningful contact between the children and the noncustodial parent, and the willingness of a parent to assure such meaningful contact between the children and the other parent is a factor to be considered in making a custody determination" (Matter of Vasquez v Ortiz, 77 AD3d 962, 962; see Matter of Dezil v Garlick, 114 AD3d 773, 773-774; Matter of Honeywell v Honeywell, 39 AD3d 857, 858).
Here, the Family Court's determination that the best interests of the children would be served by an award of custody to Joseph has a sound and substantial basis in the record and will not be disturbed. Frank's refusal to allow Joseph any contact with the children as of May 2014 and relocation with the children to Florida, without informing Joseph, constitutes willful interference with the relationship between the children and Joseph. Such conduct " is so inconsistent with the best interests of the children as to, per se, raise a strong probability that the offending party is unfit to act as a custodial parent'" (Matter of Khan-Soleil v Rashad, 111 AD3d 728, 730, quoting Matter of Ross v Ross, 68 AD3d 878, 878; see Matter of Lawlor v Eder, 106 AD3d 739, 740; Matter of Purse v Crocker, 95 AD3d 1216, 1217). Although Frank attempted to excuse his conduct based upon his allegations that Joseph was engaging in risky sexual behavior, thereby endangering the children, the court concluded that Frank's allegations were not supported by credible evidence. As a result, the court properly discounted that explanation (see Matter of Khan-Soleil v Rashad, 111 AD3d at 730; Matter of Jones v Pagan, 96 AD3d 1058, 1058). In contrast, the record supported the court's finding that Joseph was willing to assure meaningful contact between the children and Frank.
Contrary to Frank's contentions, the awards of an attorney's fee to Joseph and Renee were not an improvident exercise of discretion in light of the parties' financial circumstances and the circumstances of this case (see Matter of Zaydenverg v Zaydenverg, 151 AD3d 871, 872; Matter of Feng Lucy Luo v Yang, 104 AD3d 852, 852; Matter of Tuglu v Crowley, 96 AD3d 862, 863).
Moreover, Frank's petition to modify the custody order was properly dismissed [*4]without a hearing. A parent seeking a change of custody is not automatically entitled to a hearing, but must make an evidentiary showing of a change in circumstances demonstrating a need for a change in custody in order to protect the child's best interests (see Matter of Scott v Powell, 146 AD3d 964, 965; Matter of Paulino v Thompson, 145 AD3d 726, 726-727; Matter of Ali v Hines, 125 AD3d 851, 851; Magee v Magee, 119 AD3d 658, 659). Here, Frank failed to make an evidentiary showing that there had been a sufficient change of circumstances between the issuance of the custody order dated February 14, 2017, and the filing of the modification petition. The unsubstantiated and conclusory allegations in his modification petition were insufficient to warrant a hearing (see Matter of Paulino v Thompson, 145 AD3d at 726-727; Matter of Ali v Hines, 125 AD3d at 851).
RIVERA, J.P., DILLON, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court