Matter of Williams v Bryson (2018 NY Slip Op 08941)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Williams v Bryson

2018 NY Slip Op 08941

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-09884
2018-14431
(Docket Nos. V-7214-16, V-7215-16, V-8617-16, V-8618-16)

[*1]In the Matter of Shivaun Williams, appellant,
vCassandra Bryson, respondent. (Proceeding No. 1)
In the Matter of Cassandra Bryson, respondent, v Shivaun Williams, appellant. (Proceeding No. 2)

Tammi D. Pere, West Hempstead, NY, for appellant.
Daniel M. Bauso, Jamaica, NY, attorney for the children.

DECISION & ORDER
In related child custody proceedings pursuant to Family Court Act article 6, the father appeals from two orders of the Family Court, Queens County (Mildred T. Negron, J.), both dated August 18, 2017. The first order, insofar as appealed from, upon a decision of the same court, also dated August 18, 2017, made after a hearing, granted the mother's petition for sole custody of the parties' children, with permission to relocate to Florida. The second order, upon the same decision, dismissed the father's petition for joint custody. The notice of appeal from the decision is deemed to be a notice of appeal from the two orders (see CPLR 5512[a]).
ORDERED that the first order is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the second order is affirmed, without costs or disbursements.
The parties, who were never married, are the parents of two children, born in 2011 and 2015, respectively. In 2016, the father petitioned for joint custody of the children. The mother filed a family offense petition, and also petitioned for sole legal and physical custody of the children and for permission to relocate with the children to Florida. In a decision after a fact-finding hearing, dated August 18, 2017, the Family Court made certain findings on the family offense petition. In a separate decision, also dated August 18, 2017, the court found that it would be in the children's best interests to award sole physical and legal custody to the mother, with parental access to the father. In an order dated August 18, 2017, the court, upon its decision concerning custody, granted the mother's custody petition, and, among other things, awarded her sole custody of the children, with permission to relocate to Florida. In a separate order of the same date, upon the same decision, the court dismissed the father's custody petition. The father appeals from both orders.
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Gooler v Gooler, 107 AD3d 712, 712; Matter of Julie v Wills, 73 AD3d 777). In determining an initial petition for child custody, the totality of the circumstances includes, but is not limited to, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Supangkat v Torres, 101 AD3d 889, 890; see Friederwitzer v Friederwitzer, 55 NY2d 89, 93-94; Cravo v Diegel, 163 AD3d 920, 921; Matter of Swinson v Brewington, 84 AD3d 1251, 1253).
Although the mother's relocation to Florida precipitated the commencement of these proceedings, this matter concerns an initial custody determination, and, therefore, the strict application of the factors relevant to a relocation petition (see Matter of Tropea v Tropea, 87 NY2d 727) is not required (see Matter of Alvarado v Cordova, 158 AD3d 794; Matter of McDonald v Thomas, 154 AD3d 763, 764; Matter of Wood v Rago, 135 AD3d 949, 950; Matter of Wright v Stewart, 131 AD3d 1256, 1257). The mother's relocation was but one factor among many for the Family Court to consider in determining what was in the children's best interests (see Matter of Alvarado v Cordova, 158 AD3d at 794-795; Matter of McDonald v Thomas, 154 AD3d at 764; Matter of Wood v Rago, 135 AD3d at 950; Matter of Saperston v Holdaway, 93 AD3d 1271, 1272).
Here, contrary to the father's contentions, the Family Court's determination to award the mother sole custody of the children, with permission to relocate to Florida, has a sound and substantial basis in the record, based upon the totality of the evidence (see Cravo v Diegel, 163 AD3d at 922; Matter of McDonald v Thomas, 154 AD3d at 764; Matter of Wright v Stewart, 131 AD3d at 1257).
The father's arguments concerning the family offense petition are not properly before this Court on these appeals, as the decision and the orders appealed from did not determine the family offense petition (see CPLR 5515[1]; Matter of Selena S. [Edward J.B.], 106 AD3d 1017; Matter of Kirdahy v Scalia, 301 AD2d 525, 527).
AUSTIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court