Matter of Quartey v Van Buren (2019 NY Slip Op 00882)





Matter of Quartey v Van Buren


2019 NY Slip Op 00882


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2017-10582
 (Docket Nos. V-23501-16, V-1326-17)

[*1]In the Matter of Kwaku Quartey, appellant,
v
Latonya Genise Van Buren, respondent. (Proceeding No. 1)
In the Mater of Latonya Genise Van Buren, respondent,
v
Kwaku Quartey, appellant. (Proceeding No. 2)


Michael E. Lipson, Jericho, NY, for appellant.
Salvatore C. Adamo, New York, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), dated September 8, 2017. The order, insofar as appealed from, after a hearing, denied the father's petition for custody of the subject child, and granted the mother's petition for custody of the child and permission to relocate with the child to North Carolina.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, have one child together. The Family Court, after a hearing, denied the father's petition for custody of the parties' child, and granted the mother's petition for custody of the child and permission to relocate with the child to North Carolina. The father appeals.
"The paramount concern in any custody or visitation determination is the best interests of the child, under the totality of the circumstances" (Matter of Boggio v Boggio, 96 AD3d 834, 835). Where, as here, the matter concerns an initial custody determination, the strict application of the Matter of Tropea v Tropea (87 NY2d 727) factors, relevant to relocation petitions, is not required, and therefore the mother's request for permission to relocate with the child to North Carolina is but one factor to be considered in determining what custody arrangement is in the child's best interests (see Matter of Renee P.-F. v Frank G., 161 AD3d 1163; Matter of McDonald v Thomas, 154 AD3d 763, 764).
According deference to the credibility determinations of the Family Court, which saw [*2]and heard the witnesses, and considering the totality of the circumstances, the award of custody to the mother, with permission to relocate with the child to North Carolina, was in the child's best interests (see Eschbach v Eschbach, 56 NY2d 167, 172; Matter of Felty v Felty, 108 AD3d 705, 707). The evidence established that the mother has been the child's primary caretaker for the child's entire life. While the father has a close relationship with the child, he has contributed very little to her in the way of financial support, even after obtaining stable employment and while living rent-free with his parents. The mother has consistently fostered a relationship between the child and the father and his parents, and the child will benefit from remaining in the same household as her older half-sibling, who is the mother's child from a prior relationship. The mother established that the reason for her move to North Carolina was economic necessity, and we agree with the Family Court's determination that this factor was particularly salient in light of the father's near total abdication of his responsibility to provide financial support for the child. Finally, we agree with the court's determination that the child and the father will be able to continue to enjoy a close relationship by speaking regularly on the telephone, and with parental access on school breaks, including over the summer, which they have historically spent together.
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court