Matter of Dante v Dante (2019 NY Slip Op 01757)





Matter of Dante v Dante


2019 NY Slip Op 01757


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-02948
 (Docket Nos. V-11714-13, V-11739-13)

[*1]In the Matter of Erida Dante, appellant,
v
John Dante, respondent. (Proceeding No. 1)
In the Matter of John Dante, respondent,Erida Dante, appellant. (Proceeding No. 2)


Steven P. Forbes, Jamaica, NY, for appellant.
Marion C. Perry, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Dean Kusakabe, J.), dated February 15, 2018. The order, insofar as appealed from, after a hearing, granted the father's petition for sole custody of the parties' child and, in effect, for permission to relocate with the child to New Jersey, and denied the mother's cross petition for sole custody of the child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were married in 2002, have one child, born in 2006. The parties separated in April 2013. That same month, the father filed a petition for sole custody of the parties' child and, in effect, for permission to relocate with the child to New Jersey, where the child now resides, and the mother cross-petitioned for sole custody of the child. Following a hearing, the Family Court, inter alia, granted the father's petition and denied the mother's cross petition. The mother appeals.
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Julie v Wills, 73 AD3d 777). "Factors to be considered in determining the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Elliott v Felder, 69 AD3d 623, 623; see Eschbach v Eschbach, 56 NY2d at 171-172; Matter of Supangkat v Torres, 101 AD3d 889, 890).
Although the father's relocation to New Jersey precipitated the commencement of these proceedings, this matter concerns an initial custody determination, and, therefore, the strict application of the factors relevant to a relocation petition (see Matter of Tropea v Tropea, 87 NY2d 727) is not required (see Matter of Williams v Bryson, 167 AD3d 1021; Matter of Alvarado v Cordova, 158 AD3d 794; Matter of McDonald v Thomas, 154 AD3d 763, 764). The father's relocation was but one factor among many for the Family Court to consider in determining what was in the best interests of the child (see Matter of Alvarado v Cordova, 158 AD3d at 794-795; Matter of Wood v Rago, 135 AD3d 949, 950).
Contrary to the mother's contention, the Family Court's determination to award the father sole custody of the child, with permission to relocate to New Jersey, has a sound and substantial basis in the record, based upon the totality of the evidence. The record reflects that the father is in the best position to provide for the child's emotional development (see Matter of Yu Chao Tan v Hong Shan Kuang, 136 AD3d 933, 935). Further, the court's determination was supported by the recommendation of the court-appointed forensic evaluator, which, while not determinative, is entitled to some weight (see E.V. v R.V., 165 AD3d 736, 738).
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court