Matter of Eckstein v Young (2019 NY Slip Op 07254)





Matter of Eckstein v Young


2019 NY Slip Op 07254


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2015-11705
 (Docket Nos. V-5887-11, V-7118-11, V-15405-11, V-3951-12, V-3951-12/14A)

[*1]In the Matter of John Henry Eckstein, Jr., appellant,
v
Carolyn Alice Young, respondent. (Proceeding No. 1)
In the Matter of Carolyn Alice Young, respondent,
v
John Henry Eckstein, Jr., appellant. (Proceeding No. 2)


Marc A. Greenberg, Elmsford, NY, for appellant.
Carolyn Alice Young, Hartford, Connecticut, respondent pro se.
Andrew W. Szczesniak, White Plains, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), dated October 22, 2015. The order, after a hearing, denied the father's petition for sole custody of the parties' child and granted the mother's petition for sole custody of the child and, in effect, for permission to relocate with the child to Connecticut. Justice Miller has been substituted for former Justice Sgroi (see 22 NYCRR 1250.1[b]).
ORDERED that the order is affirmed, without costs or disbursements.
John Henry Eckstein, Jr. (hereinafter the father), and Carolyn Alice Young (hereinafter the mother) are the biological parents of a child, who was born in 2007. In 2011, the mother moved with the child out of the home where they had been living with the father, ultimately relocating to Connecticut. After the mother and the child relocated, the father filed a petition seeking sole custody of the child. The mother later filed a petition seeking sole custody of the child and, in effect, permission to relocate with the child to Connecticut. After a hearing that began in 2012 and continued until 2015, the Family Court denied the father's petition for sole custody of the child, granted the mother's petition for sole custody of the child and, in effect, for permission to relocate with the child to Connecticut. The court awarded the father parental access with the child. The father appeals.
"[T]he parent of any child seeking custody or contesting the substantial infringement of his or her right to custody of such child, in any proceeding before the court in which the court has jurisdiction to determine such custody" (Family Ct Act § 262[a][v]) "has the right to the assistance of counsel" (Family Ct Act § 262[a]). "Such a parent has the right to be represented by counsel of [*2]his or her own choosing and must be accorded a reasonable opportunity to select and retain his or her counsel" (Greenberg v Greenberg, 144 AD3d 625, 630). "The right to be represented by counsel of [one's] own choosing is, however, not unlimited" (id. at 630 [internal quotation marks omitted]). "Indeed this right is qualified in the sense that a [party] may not employ such right as a means to delay judicial proceedings" (id. [internal quotation marks omitted]). "[A]bsent exigent or compelling circumstances, a court may, in the exercise of its discretion, deny a [party's] request to substitute counsel made on the eve of or during trial if the [party] has been accorded a reasonable opportunity to retain counsel of his [or her] own choosing before that time" (id. [internal quotation marks omitted]). Here, the Family Court providently exercised its discretion in denying the father's request for an adjournment to obtain new counsel (see id. at 630-631). When the father requested this adjournment, the hearing had been ongoing for three years; the father had finished presenting his case, including testifying on his own behalf and calling two witnesses, and the mother had completed most of her case, including testifying on her own behalf on six dates and calling two witnesses. Furthermore, the father failed to demonstrate that there were "exigent or compelling circumstances" supporting his request for an adjournment at this late stage in the hearing, and given that the father was represented for the first several years of the proceedings, there is no indication that he lacked "a reasonable opportunity to retain counsel" before the date on which he requested the adjournment (id. at 630 [internal quotation marks omitted]).
The father's arguments regarding a temporary order of custody dated August 9, 2012, are academic (see Haggerty v Haggerty, 78 AD3d 998, 999). The temporary order was superseded by the order appealed from, and the temporary order is no longer of any effect (see id. at 999). "Any alleged defect in the temporary order does not render defective the permanent order, which was based upon a full and fair hearing" (id.). The father's argument regarding the parental access schedule that was in place before the Family Court issued the temporary order is both academic in light of the final order of custody (see id.), and is not properly before this Court, as the father improperly raises this argument for the first time in his reply brief (see Matter of Corrigan v Orosco, 84 AD3d 955, 956).
Where the Family Court has held an "evidentiary hearing . . . on the issue of custody,
any determination depends to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties" (Matter of Felty v Felty, 108 AD3d 705, 707). "The credibility findings of the Family Court will be accorded great weight and its determinations regarding custody and [parental access] will not be disturbed unless they lack a sound and substantial basis in the record" (id. at 707). "A court deciding an initial petition for child custody must determine what is in the child's best interests" (Matter of McDonald v Thomas, 154 AD3d 763, 764 [internal quotation marks omitted]). Where a parent's relocation "precipitated the commencement of the[ ] proceedings, [but] the matter concerns an initial custody determination, . . . the strict application of the factors relevant to relocation petitions is not required" (id. at 764 [citation omitted]). The determination of the child's best interests is to be made "based on all the relevant circumstances" (Matter of Santano v Cezair, 106 AD3d 1097, 1098), and the parent's relocation is one such relevant factor (see Matter of McDonald v Thomas, 154 AD3d at 764). Other relevant factors include "which alternative will best promote stability" (Matter of Recher v Velez, 143 AD3d 828, 829 [internal quotation marks omitted]), the effect of domestic violence on the child's best interests (see Matter of Felty v Felty, 108 AD3d at 707), and "the relative fitness of the parents, the quality of the home environment, the parents' financial status, the parental guidance given to the child, the ability of each parent to provide for the child's emotional and intellectual development, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Cunningham v Brutman, 150 AD3d 815, 815).
Here, the Family Court's determination awarding the mother sole custody of the child, with permission to relocate to Connecticut, has a sound and substantial basis in the record, based upon the totality of the circumstances (see Matter of Felty v Felty, 108 AD3d at 707; Matter of Santano v Cezair, 106 AD3d at 1098). In particular, there was: evidence that the mother was the child's primary caregiver even before she left the home that they had shared with the father, such that awarding her custody would "promote stability" for the child (Matter of Recher v Velez, 143 AD3d at 829 [internal quotation marks omitted]); evidence that the father had verbally abused the mother [*3]in the past, including in front of the child, which weighed against awarding the father custody (see Matter of Felty v Felty, 108 AD3d at 707); and evidence that the mother would foster a positive relationship between the father and the child, but that the father would not do the same for the mother's relationship with the child (see Cunningham v Brutman, 150 AD3d at 815). The mother's relocation to Connecticut, which was but one factor in determining the child's best interests, also weighed in favor of granting the mother's petition (see Matter of McDonald v Thomas, 154 AD3d at 764). The mother established that she had a stable home and job in Connecticut and that she had support from extended family in that state, which she did not have in New York.
The father's remaining contentions are either without merit or not properly before this Court.
MASTRO, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court